TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00384-CR







Thomas Randolph Harris, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-96-0399, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING








 Appellant Thomas Randolph Harris was convicted of aggravated sexual assault of a child. 
The jury assessed his punishment at fifty years' imprisonment and a $10,000 fine. Appellant brings four
points of error. We will affirm.


Background

 Appellant sexually assaulted his five-year-old daughter by penetrating her female sexual
organ with his finger. This occurred on a weekend when he had custody of his two daughters, who were
nine and five, pursuant to a visitation order in effect since appellant's divorce two years earlier. Shortly
after the girls were returned to their mother, the victim complained of pain in her private parts and her
mother took her to an emergency room where she was seen by a physician. A few days later she was
taken to a pediatrician, Dr. Beth Nauert, who had experience in treating children in cases of sexual abuse. 
Dr. Nauert testified at the trial about her examination of the victim. The emergency-room doctor also
testified.


Expert Witness

 Appellant's first point of error contends that the trial court erred in allowing Dr. Nauert to
testify. He complains that the court erred in overruling his motion in limine. Even if the trial court had
granted the motion, it would not preserve error. A motion in limine does not preserve error. See Romo
v. State, 577 S.W.2d 251, 252 (Tex. Crim. App. 1979). A defendant must object on the proper grounds
when the evidence is offered at trial. McDuff v. State, 939 S.W.2d 607, 618 (Tex. Crim. App.), cert.
denied, 118 S. Ct. 125 (1997).

 Appellant objected to a question asking Dr. Nauert whether the injury to the hymen she
found in her examination of the victim was consistent with the history the child gave her, that she had been
penetrated by a finger. Appellant's objection was that the witness was not an expert and not qualified to
answer the question. The State responded that the witness's qualifications as an expert, a medical doctor
who had examined hundreds of children, had been established earlier. Appellant had not challenged the
witness's qualifications when the State introduced her and she testified to her education, specialized training
in child abuse, and experience. The trial court overruled the objection and the witness testified that the
abnormality of the hymen she saw was consistent with the victim's account of her father putting his finger
into her vaginal area. The authority urged by appellant in support of this point does not support his
position. The cited case held that it was error to exclude the testimony of a medical expert offered in a
criminal mischief case, and stated the general rule: "Whether a witness offered as an expert possesses the
required qualifications is a question which rests largely in the trial court's discretion, and the decision to
admit or exclude the testimony will not be disturbed absent a clear abuse of discretion." Moore v. State,
836 S.W.2d 255, 258-59 (Tex. App.--Texarkana 1992, pet. ref'd). We agree that this is the applicable
rule. See Penry v. State, 903 S.W.2d 715, 762 (Tex. Crim. App.), cert. denied, 116 S. Ct. 480 (1995).

 Rule 702 of the Texas Rules of Evidence provides that "[i]f scientific, technical, or other
specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue,
a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto
in the form of an opinion or otherwise." Tex. R. Evid. 702. (1) "The decision whether to allow a witness to
testify as an expert is committed to the sound discretion of the trial court." Duckett v. State, 797 S.W.2d
906, 910 (Tex. Crim. App.1990) (citing Pierce v. State, 777 S.W.2d 399 (Tex. Crim. App. 1989)),
overruled on other grounds, Cohn v. State, 849 S.W.2d 817 (Tex. Crim. App.1993). "[T]he trial
court's judgment regarding experts' qualifications and the admissibility of expert testimony is subject to an
abuse of discretion standard of review." Lagrone v. State, 942 S.W.2d 602, 616 (Tex. Crim. App.),
cert. denied, 139 L. Ed. 2d 235 (1997). A trial court's decision to admit expert testimony may not be
disturbed on appeal absent abuse of discretion. Alvarado v. State, 912 S.W.2d 199, 215-216 (Tex.
Crim. App. 1995); Banda v. State, 890 S.W.2d 42, 58-59 (Tex. Crim. App. 1994), cert. denied, 115
S. Ct. 2253 (1995). Appellant has not shown an abuse of discretion. His first point of error is overruled. 


Medical Records

 Appellant's second point of error contends that the trial court erred in admitting the medical
records from the hospital case file on this event. He argues that the State failed to comply with Rule
902(10) of the Texas Rules of Evidence, in that the records were not filed with the clerk fourteen days
before trial. This is not the same objection he made at trial, which was that the medical records had not
been provided in compliance with his motion for discovery. The State responded that the records had been
available under the State's open file policy, and if counsel had come to the prosecutor's office to look at
the file the State would have given him copies.

 The State was not obligated to file the medical records with the clerk before trial unless it
sought to admit them pursuant to that particular evidentiary rule and procedure. There are two ways to
establish the prerequisites for admitting business records into evidence: the custodian of the records may
be called as a witness to testify about the records, or the custodian may give an affidavit about the records,
then, with proper notice being given to the other parties, this affidavit and a copy of the records may be filed
with the court clerk at least fourteen days before the trial. See Tex. R. Evid. 803(6), 902(10).

 The record shows that the prosecutor chose to introduce the medical records through the
first method rather than by filing an affidavit and the records with the clerk prior to the trial. The trial court
did not err in admitting the medical records. Point of error number two is overruled. 


Hearsay

 Appellant's third point of error contends that the trial court erred by admitting hearsay
testimony of the victim through the testimony of Sherry Peyton, a detective with the San Marcos Police
Department who specializes in investigating child abuse. Detective Peyton testified about taking the victim
and her mother to Travis County to have the victim interviewed at the Child Advocacy Center by a certified
interviewer (a neutral person experienced in child abuse cases) who recorded the interview on videotape. 
See Tex. Code Crim. Proc. Ann. art. 38.071 (West Supp. 1998). (2) Detective Peyton testified in detail
about what she did and saw during the trip and the interview process. She told of watching the interview
on closed circuit television in a separate room, and testified specifically about the victim's use of the
anatomically correct dolls to demonstrate her father's assault on her.

 Detective Peyton's testimony about the demonstration is within the definition of hearsay,
which is a statement made out of court offered to prove the truth of the matter asserted. Tex. R. Evid.
801(d). This demonstration is a "statement," because it is nonverbal conduct intended by the victim as a
substitute for verbal expression. Tex. R. Evid. 801(a)(2). See Graham v. State, 643 S.W.2d 920, 927
(Tex. Crim. App. 1981) (policeman's testimony that shooting victim, who could not speak, used hand to
represent gun when defendant's picture was shown, was hearsay). Unless the victim's statement is within
some exception to the hearsay rule, it was error to admit it over appellant's objection. Tex. R. Evid. 802.

 The State argues that the detective's testimony was admissible as a prior consistent
statement and was offered to counter appellant's contention that the mother pressured the victim to
fabricate the charge. See Tex. R. Evid. 801(e)(1)(B). This rule provides that a statement is not hearsay
if the declarant testifies, is subject to cross-examination, the statement is consistent with the testimony, and
is offered to rebut the charge of recent fabrication or improper influence or motive. However, the rule does
not apply in this case. The State did not lay the foundation necessary to show that the statement was being
offered to rebut a charge of recent fabrication, improper influence, or improper motive in testifying. See
Rule 801(e)(1)(B). Detective Peyton's testimony was introduced before the victim had testified, thus it
could not be determined whether the statement was consistent with declarant's trial testimony. Although
the victim's mother had testified about what her daughter had told her, it was not yet certain what the victim
would say.

 In addition, there is a requirement that the statement offered as a prior consistent statement
must have been made before the charged fabrication, improper influence or motive arose. Haughton v.
State, 805 S.W.2d 405, 407-08 (Tex. Crim. App. 1990); Campbell v. State, 718 S.W.2d 712, 714-17
(Tex. Crim. App. 1986); Fleming v. State, 819 S.W.2d 237, 246-47 (Tex. App.--Austin 1991, pet.
ref'd). In the instant case, there was no showing that the statement was made before the claimed improper
motive arose. Appellant argued that the statement was instigated by his former wife and grew out of her
animosity toward him because of their bitter divorce two years earlier. The child's statement reported by
Detective Peyton was made after the mother allegedly influenced the victim to accuse her father of the
offense. To illustrate what is necessary to meet this requirement, compare the case where the defendant
was the stepfather of the victim of sexual abuse and he claimed his wife had influenced the victim to falsely
accuse him. The victim's prior consistent statement to her father, which was made before the girl said
anything about the offense to her mother, was held to be admissible because it was made prior to the
mother's claimed improper influence. Moody v. State, 827 S.W.2d 875, 893-94 (Tex. Crim. App.), cert.
denied, 506 U.S. 839 (1992). See Dowthitt v. State, 931 S.W.2d 244, 263-64 (Tex. Crim. App.
1996). In the instant case, the victim's statement reported by Detective Peyton does not meet the
requirement of having been made prior to the claimed improper influence, and was not shown to be
admissible as a prior consistent statement. It was error to admit the statement over appellant's objection. 


 However, the same evidence was admitted at trial without objection when the victim
testified and used the dolls to demonstrate the assault. Thus, any error in the admission of Detective
Peyton's hearsay testimony was at most cumulative and harmless. See Ford v. State, 919 S.W.2d 107,
117 (Tex. Crim. App. 1996) (defendant objected to photo of him wearing dark coat, waived error when
same information admitted in another form); Nethery v. State, 692 S.W.2d 686 (Tex. Crim. App. 1995),
cert. denied, 474 U.S. 1110 (1986) (any error in police officer's testimony that witness told his partner
that defendant had raped her was harmless where witness testified and said same thing); Hudson v. State,
675 S.W.2d 507, 511 (Tex. Crim. App. 1984) ("it is well settled that an error in admission of evidence
is cured where the same evidence comes in elsewhere without objection . . . ."); Mosley v. State, 960
S.W.2d 200 (Tex. App.--Corpus Christi 1997, no pet.) (hearsay about three-year-old victim of sex
assault saying that defendant hurt her was harmless where victim testified to same information); Fleming
v. State, 819 S.W.2d 237 (Tex. App.--Austin 1991, pet. ref'd) (erroneously admitting child sexual assault
victim's hearsay statement harmless because nearly identical to other properly admitted testimony);
Heckathorne v. State, 697 S.W.2d 8, 13 (Tex. App.--Houston [14th Dist.] 1985, pet. ref'd) (even if
testimony that five-year-old spoke of sexual acts by father was hearsay, it was cured when child testified
to same thing at trial); Brown v. State, 649 S.W.2d 160, 162 (Tex. App.--Austin 1983, no pet.) (father's
hearsay testimony that young son complained of sex abuse improperly admitted but no reversible error
since same information adduced from other witnesses); (Wilmeth v. State, 629 S.W.2d 218, 219 (Tex.
App.--Dallas 1982, pet. ref'd) (child victim's statement to neighbor about sexual abuse was hearsay and
should not have been admitted, but merely cumulative of other properly admitted evidence, and not
reversible).

 Error may not be predicated upon a ruling which admits evidence unless a substantial right
of the party is affected. Tex. R. Evid. 1.03(a). See Ethington v. State, 819 S.W.2d 854, 858 (Tex.
Crim. App. 1991). The recently adopted rules of appellate procedure pertaining to harm analysis are in
harmony with this evidentiary standard. The rules now provide for reversible error in criminal cases as
follows: (a) if the record reveals constitutional error subject to harmless error analysis, the judgment must
be reversed unless the court determines beyond a reasonable doubt that the error did not contribute to the
conviction or punishment, or (b) any other error, defect, irregularity, or variance that does not affect
substantial rights must be disregarded. Tex. R. App. P. 44.2 (a), (b). A substantial right is affected when
the error has a substantial and injurious effect or influence in determining the jury's verdict. King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997). See Hepner v. State, 966 S.W.2d 153, 160 (Tex.
App.--Austin 1998, no pet.) (applying new harmless error rule). Appellant does not contend that this is
constitutional error. Our review of the record as a whole convinces us that the error did not influence the
jury's verdict. See King, 953 S.W.2d at 271. Detective Peyton's testimony was duplicative of the child
victim's testimony and did not affect appellant's substantial rights. Therefore, we must disregard the error. 
The third point of error is overruled.


Selective Prosecution

 In his fourth point of error appellant contends that the trial court erred in overruling his
motion to dismiss the indictment on the ground that he was selectively prosecuted. He alleges that four
years before this prosecution, his then wife, Candida Harris, the mother of the victim in the instant case, was
arrested for indecency with a child involving their older daughter. The incident was alleged to have
occurred when Candida and the older girl were staying at a women's shelter. (3) 

 There is little in the record to reflect the district attorney's actions in the case against the
mother. At a pretrial hearing a prosecutor stated "We agree there is some evidence that his wife committed
an offense. . . . She's accused basically of fondling and on the basis that she may be a witness in the
criminal case. We have chosen at this time not to pursue her." When appellant reurged his motion to
dismiss, the prosecutor argued that the case against the mother was very different, that it was never
indicted, and that there was no physical evidence corroborating the charges in her case.

 Appellant's point is multifarious and inadequately briefed. He first asserts that Article I,
Section 3a of the Texas Constitution and the Fifth and Fourteenth Amendments to the United States
Constitution guarantee equal protection and prohibit selective prosecution, then states: 


Selective prosecution based on race was held unconstitutional in Yick Wo vs. Hopkins,
118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed 220 (1886). The court should extend Yick Wo and
hold that selective prosecution based on gender is likewise unconstitutional.



This is appellant's entire argument, quoted verbatim. 

 Texas constitutional claims should be separated from federal constitutional claims in
grounds, analysis, and argument. Without sufficient distinction, an appellate court may overrule the ground
as multifarious. Heitman v. State, 815 S.W.2d 681, 690 n.23 (Tex. Crim. App. 1991). Appellant makes
no such distinctions. From appellant's brief, we can neither discern specific arguments nor relate them to
the facts of this case. Appellant's point is not adequately briefed and we decline to brief appellant's case
for him. See Heiselbetz v. State, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995); Garcia v. State, 887
S.W.2d 862, 882 (Tex. Crim. App. 1994), cert. denied, 115 U.S. 1368 (1995); Vuong v. State, 830
S.W.2d 929, 940 (Tex. Crim. App. 1992) (equal protection claim of cultural differences inadequately
briefed, not addressed), cert. denied, 506 U.S. 997 (1992). We overrule the fourth point of error. 


Conclusion


 Having overruled appellant's four points of error, we affirm the judgment of conviction.



 

 Lee Yeakel, Chief Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: August 31, 1998

Do Not Publish
1. The criminal and civil rules of evidence were merged and made effective as of March 1, 1998. The
rules discussed here are the same in number and substance as those in effect when this case was tried. 
Reference is to the new rules for convenience. 
2. The videotape was not used at trial, since the victim testified.
3. The record does not reflect if the younger girl, then about one year old, was present at the shelter.



or is overruled.


Selective Prosecution

 In his fourth point of error appellant contends that the trial court erred in overruling his
motion to dismiss the indictment on the ground that he was selectively prosecuted. He alleges that four
years before this prosecution, his then wife, Candida Harris, the mother of the victim in the instant case, was
arrested for indecency with a child involving their older daughter. The incident was alleged to have
occurred when Candida and the older girl were staying at a women's shelter. (3) 

 There is little in the record to reflect the district attorney's actions in the case against the
mother. At a pretrial hearing a prosecutor stated "We agree there is some evidence that his wife committed
an offense. . . . She's accused basically of fondling and on the basis that she may be a witness in the
criminal case. We have chosen at this time not to pursue her." When appellant reurged his motion to
dismiss, the prosecutor argued that the case against the mother was very different, that it was never
indicted, and that there was no physical evidence corroborating the charges in her case.

 Appellant's point is multifarious and inadequately briefed. He first asserts that Article I,
Section 3a of the Texas Constitution and the Fifth and Fourteenth Amendments to the United States
Constitution guarantee equal protection and prohibit selective prosecution, then states: 


Selective prosecution based on race was held unconstitutional in Yick Wo vs. Hopkins,
118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed 220 (1886). The court should extend Yick Wo and
hold that selective prosecution based on gender is likewise unconstitutional.


Selective prosecution based on race was held unconstitutional in Yick Wo vs. Hopkins,
118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed 220 (1886). The court should extend Yick Wo and
hold that selective prosecution based on gender is likewise unconstitutional.ar">
NO. 03-97-00384-CR







Thomas Randolph Harris, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-96-0399, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING








 Appellant Thomas Randolph Harris was convicted of aggravated sexual assault of a child. 
The jury assessed his punishment at fifty years' imprisonment and a $10,000 fine. Appellant brings four
points of error. We will affirm.


Background

 Appellant sexually assaulted his five-year-old daughter by penetrating her female sexual
organ with his finger. This occurred on a weekend when he had custody of his two daughters, who were
nine and five, pursuant to a visitation order in effect since appellant's divorce two years earlier. Shortly
after the girls were returned to their mother, the victim complained of pain in her private parts and her
mother took her to an emergency room where she was seen by a physician. A few days later she was
taken to a pediatrician, Dr. Beth Nauert, who had experience in treating children in cases of sexual abuse. 
Dr. Nauert testified at the trial about her examination of the victim. The emergency-room doctor also
testified.


Expert Witness

 Appellant's first point of error contends that the trial court erred in allowing Dr. Nauert to
testify. He complains that the court erred in overruling his motion in limine. Even if the trial court had
granted the motion, it would not preserve error. A motion in limine does not preserve error. See Romo
v. State, 577 S.W.2d 251, 252 (Tex. Crim. App. 1979). A defendant must object on the proper grounds
when the evidence is offered at trial. McDuff v. State, 939 S.W.2d 607, 618 (Tex. Crim. App.), cert.
denied, 118 S. Ct. 125 (1997).

 Appellant objected to a question asking Dr. Nauert whether the injury to the hymen she
found in her examination of the victim was consistent with the history the child gave her, that she had been
penetrated by a finger. Appellant's objection was that the witness was not an expert and not qualified to
answer the question. The State responded that the witness's qualifications as an expert, a medical doctor
who had examined hundreds of children, had been established earlier. Appellant had not challenged the
witness's qualifications when the State introduced her and she testified to her education, specialized training
in child abuse, and experience. The trial court overruled the objection and the witness testified that the
abnormality of the hymen she saw was consistent with the victim's account of her father putting his finger
into her vaginal area. The authority urged by appellant in support of this point does not support his
position. The cited case held that it was error to exclude the testimony of a medical expert offered in a
criminal mischief case, and stated the general rule: "Whether a witness offered as an expert possesses the
required qualifications is a question which rests largely in the trial court's discretion, and the decision to
admit or exclude the testimony will not be disturbed absent a clear abuse of discretion." Moore v. State,
836 S.W.2d 255, 258-59 (Tex. App.--Texarkana 1992, pet. ref'd). We agree that this is the applicable
rule. See Penry v. State, 903 S.W.2d 715, 762 (Tex. Crim. App.), cert. denied, 116 S. Ct. 480 (1995).

 Rule 702 of the Texas Rules of Evidence provides that "[i]f scientific, technical, or other
specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue,
a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto
in the form of an opinion or otherwise." Tex. R. Evid. 702. (1) "The decision whether to allow a witness to
testify as an expert is committed to the sound discretion of the trial court." Duckett v. State, 797 S.W.2d
906, 910 (Tex. Crim. App.1990) (citing Pierce v. State, 777 S.W.2d 399 (Tex. Crim. App. 1989)),
overruled on other grounds, Cohn v. State, 849 S.W.2d 817 (Tex. Crim. App.1993). "[T]he trial
court's judgment regarding experts' qualifications and the admissibility of expert testimony is subject to an
abuse of discretion standard of review." Lagrone v. State, 942 S.W.2d 602, 616 (Tex. Crim. App.),
cert. denied, 139 L. Ed. 2d 235 (1997). A trial court's decision to admit expert testimony may not be
disturbed on appeal absent abuse of discretion. Alvarado v. State, 912 S.W.2d 199, 215-216 (Tex.
Crim. App. 1995); Banda v. State, 890 S.W.2d 42, 58-59 (Tex. Crim. App. 1994), cert. denied, 115
S. Ct. 2253 (1995). Appellant has not shown an abuse of discretion. His first point of error is overruled. 


Medical Records

 Appellant's second point of error contends that the trial court erred in admitting the medical
records from the hospital case file on this event. He argues that the State failed to comply with Rule
902(10) of the Texas Rules of Evidence, in that the records were not filed with the clerk fourteen days
before trial. This is not the same objection he made at trial, which was that the medical records had not
been provided in compliance with his motion for discovery. The State responded that the records had been
available under the State's open file policy, and if counsel had come to the prosecutor's office to look at
the file the State would have given him copies.

 The State was not obligated to file the medical records with the clerk before trial unless it
sought to admit them pursuant to that particular evidentiary rule and procedure. There are two ways to
establish the prerequisites for admitting business records into evidence: the custodian of the records may
be called as a witness to testify about the records, or the custodian may give an affidavit about the records,
then, with proper notice being given to the other parties, this affidavit and a copy of the records may be filed
with the court clerk at least fourteen days before the trial. See Tex. R. Evid. 803(6), 902(10).

 The record shows that the prosecutor chose to introduce the medical records through the
first method rather than by filing an affidavit and the records with the clerk prior to the trial. The trial court
did not err in admitting the medical records. Point of error number two is overruled. 


Hearsay

 Appellant's third point of error contends that the trial court erred by admitting hearsay
testimony of the victim through the testimony of Sherry Peyton, a detective with the San Marcos Police
Department who specializes in investigating child abuse. Detective Peyton testified about taking the victim
and her mother to Travis County to have the victim interviewed at the Child Advocacy Center by a certified
interviewer (a neutral person experienced in child abuse cases) who recorded the interview on videotape. 
See Tex. Code Crim. Proc. Ann. art. 38.071 (West Supp. 1998). (2) Detective Peyton testified in detail
about what she did and saw during the trip and the interview process. She told of watching the interview
on closed circuit television in a separate room, and testified specifically about the victim's use of the
anatomically correct dolls to demonstrate her father's assault on her.

 Detective Peyton's testimony about the demonstration is within the definition of hearsay,
which is a statement made out of court offered to prove the truth of the matter asserted. Tex. R. Evid.
801(d). This demonstration is a "statement," because it is nonverbal conduct intended by the victim as a
substitute for verbal expression. Tex. R. Evid. 801(a)(2). See Graham v. State, 643 S.W.2d 920, 927
(Tex. Crim. App. 1981) (policeman's testimony that shooting victim, who could not speak, used hand to
represent gun when defendant's picture was shown, was hearsay). Unless the victim's statement is within
some exception to the hearsay rule, it was error to admit it over appellant's objection. Tex. R. Evid. 802.

 The State argues that the detective's testimony was admissible as a prior consistent
statement and was offered to counter appellant's contention that the mother pressured the victim to
fabricate the charge. See Tex. R. Evid. 801(e)(1)(B). This rule provides that a statement is not hearsay
if the declarant testifies, is subject to cross-examination, the statement is consistent with the testimony, and
is offered to rebut the charge of recent fabrication or improper influence or motive. However, the rule does
not apply in this case. The State did not lay the foundation necessary to show that the statement was being
offered to rebut a charge of recent fabrication, improper influence, or improper motive in testifying. See
Rule 801(e)(1)(B). Detective Peyton's testimony was introduced before the victim had testified, thus it
could not be determined whether the statement was consistent with declarant's trial testimony. Although
the victim's mother had testified about what her daughter had told her, it was not yet certain what the victim
would say.

 In addition, there is a requirement that the statement offered as a prior consistent statement
must have been made before the charged fabrication, improper influence or motive arose. Haughton v.
State, 805 S.W.2d 405, 407-08 (Tex. Crim. App. 1990); Campbell v. State, 718 S.W.2d 712, 714-17
(Tex. Crim. App. 1986); Fleming v. State, 819 S.W.2d 237, 246-47 (Tex. App.--Austin 1991, pet.
ref'd). In the instant case, there was no showing that the statement was made before the claimed improper
motive arose. Appellant argued that the statement was instigated by his former wife and grew out of her
animosity toward him because of their bitter divorce two years earlier. The child's statement reported by
Detective Peyton was made after the mother allegedly influenced the victim to accuse her father of the
offense. To illustrate what is necessary to meet this requirement, compare the case where the defendant
was the stepfather of the victim of sexual abuse and he claimed his wife had influenced the victim to falsely
accuse him. The victim's prior consistent statement to her father, which was made before the girl said
anything about the offense to her mother, was held to be admissible because it was made prior to the
mother's claimed improper influence. Moody v. State, 827 S.W.2d 875, 893-94 (Tex. Crim. App.), cert.
denied, 506 U.S. 839 (1992). See Dowthitt v. State, 931 S.W.2d 244, 263-64 (Tex. Crim. App.
1996). In the instant case, the victim's statement reported by Detective Peyton does not meet the
requirement of having been made prior to the claimed improper influence, and was not shown to be
admissible as a prior consistent statement. It was error to admit the statement over appellant's objection. 


 However, the same evidence was admitted at trial without objection when the victim
testified and used the dolls to demonstrate the assault. Thus, any error in the admission of Detective
Peyton's hearsay testimony was at most cumulative and harmless. See Ford v. State, 919 S.W.2d 107,
117 (Tex. Crim. App. 1996) (defendant objected to photo of him wearing dark coat, waived error when
same information admitted in another form); Nethery v. State, 692 S.W.2d 686 (Tex. Crim. App. 1995),
cert. denied, 474 U.S. 1110 (1986) (any error in police officer's testimony that witness told his partner
that defendant had raped her was harmless where witness testified and said same thing); Hudson v. State,
675 S.W.2d 507, 511 (Tex. Crim. App. 1984) ("it is well settled that an error in admission of evidence
is cured where the same evidence comes in elsewhere without objection . . . ."); Mosley v. State, 960
S.W.2d 200 (Tex. App.--Corpus Christi 1997, no pet.) (hearsay about three-year-old victim of sex
assault saying that defendant hurt her was harmless where victim testified to same information); Fleming
v. State, 819 S.W.2d 237 (Tex. App.--Austin 1991, pet. ref'd) (erroneously admitting child sexual assault
victim's hearsay statement harmless because nearly identical to other properly admitted testimony);
Heckathorne v. State, 697 S.W.2d 8, 13 (Tex. App.--Houston [14th Dist.] 1985, pet. ref'd) (even if
testimony that five-year-old spoke of sexual acts by father was hearsay, it was cured when child testified
to same thing at trial); Brown v. State, 649 S.W.2d 160, 162 (Tex. App.--Austin 1983, no pet.) (father's
hearsay testimony that young son complained of sex abuse improperly admitted but no reversible error
since same information adduced from other witnesses); (Wilmeth v. State, 629 S.W.2d 218, 219 (Tex.
App.--Dallas 1982, pet. ref'd) (child victim's statement to neighbor about sexual abuse was hearsay and
should not have been admitted, but merely cumulative of other properly admitted evidence, and not
reversible).

 Error may not be predicated upon a ruling which admits evidence unless a substantial right
of the party is affected. Tex. R. Evid. 1.03(a). See Ethington v. State, 819 S.W.2d 854, 858 (Tex.
Crim. App. 1991). The recently adopted rules of appellate procedure pertaining to harm analysis are in
harmony with this evidentiary standard. The rules now provide for reversible error in criminal cases as
follows: (a) if the record reveals constitutional error subject to harmless error analysis, the judgment must
be reversed unless the court determines beyond a reasonable doubt that the error did not contribute to the
conviction or punishment, or (b) any other error, defect, irregularity, or variance that does not affect
substantial rights must be disregarded. Tex. R. App. P. 44.2 (a), (b). A substantial right is affected when
the error has a substantial and injurious effect or influence in determining the jury's verdict. King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997). See Hepner v. State, 966 S.W.2d 153, 160 (Tex.
App.--Austin 1998, no pet.) (applying new harmless error rule). Appellant does not contend that this is
constitutional error. Our review of the record as a whole convinces us that the error did not influence the
jury's verdict. See King, 953 S.W.2d at 271. Detective Peyton's testimony was duplicative of the child
victim's testimony and did not affect appellant's substantial rights. Therefore, we must disregard the error. 
The third point of error is overruled.


Selective Prosecution

 In his fourth point of error appellant contends that the trial court erred in overruling his
motion to dismiss the indictment on the ground that he was selectively prosecuted. He alleges that four
years before this prosecution, his then wife, Candida Harris, the mother of the victim in the instant case, was
arrested for indecency with a child involving their older daughter. The incident was alleged to have
occurred when Candida and the older girl were staying at a women's shelter. (3) 

 There is little in the record to reflect the district attorney's actions in the case against the
mother. At a pretrial hearing a prosecutor stated "We agree there is some evidence that his wife committed
an offense. . . . She's accused basically of fondling and on the basis that she may be a witness in the
criminal case. We have chosen at this time not to pursue her." When appellant reurged his motion to
dismiss, the prosecutor argued that the case against the mother was very different, that it was never
indicted, and that there was no physical evidence corroborating the charges in her case.

 Appellant's point is multifarious and inadequately briefed. He first asserts that Article I,
Section 3a of the Texas Constitution and the Fifth and Fourteenth Amendments to the United States
Constitution guarantee equal protection and prohibit selective prosecution, then states: 


Selective prosecution based on race was held unconstitutional in Yick Wo vs. Hopkins,
118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed 220 (1886). The court should extend Yick Wo and
hold that selective prosecution based on gender is likewise unconstitutional.



This is appellant's entire argument, quoted verbatim. 

 Texas constitutional claims should be separated from federal constitutional claims in
grounds, analysis, and argument. Without sufficient distinction, an appellate court may overrule the ground
as multifarious. Heitman v. State, 815 S.W.2d 681, 690 n.23 (Tex. Crim. App. 1991). Appellant makes
no such distinctions. From appellant's brief, we can neither discern specific arguments nor relate them to
the facts of this case. Appellant's point is not adequately briefed and we decline to brief appellant's case
for him. See Heiselbetz v. State, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995); Garcia v. State, 887
S.W.2d 862, 882 (Tex. Crim. App. 1994), cert. denied, 115 U.S. 1368 (1995); Vuong v. State, 830
S.W.2d 929, 940 (Tex. Crim. App. 1992) (equal protection claim of cultural differences inadequately
briefed, not addressed), cert. denied, 506 U.S. 997 (1992). We overrule the fourth point of error. 


Conclusion


 Having overruled appellant's four points of error, we affirm the judgment of conviction.



 

 Lee Yeakel, Chief Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: August 31, 1998

Do Not Publish
1. The criminal and civil rules of evidence were merged and made effective as of March 1, 1998. The
rules discussed here are the same in number and substance as those in effect when this case was tried. 
Reference is to the new rules for convenience. 
2. The videotape was not used at trial, since the victim testified.
3. The record does not reflect if the younger girl, then about one year old, was present at the shelter.



or is overruled.


Selective Prosecution

 In his fourth point of error appellant contends that the trial court erred in overruling his
motion to dismiss the indictment on the ground that he was selectively prosecuted. He alleges that four
years before this prosecution, his then wife, Candida Harris, the mother of the victim in the instant case, was
arrested for indecency with a child involving their older daughter. The incident was alleged to have
occurred when Candida and the older girl were staying at a women's shelter. (3) 

 There is little in the record to reflect the district attorney's actions in the case against the
mother. At a pretrial hearing a prosecutor stated "We agree there is some evidence that his wife committed
an offense. . . . She's accused basically of fondling and on the basis that she may be a witness in the
criminal case. We have chosen at this time not to pursue her." When appellant reurged his motion to
dismiss, the prosecutor argued that the case against the mother was very different, that it was never
indicted, and that there was no physical evidence corroborating the charges in her case.

 Appellant's point is multifarious and inadequately briefed. He first asserts that Article I,
Section 3a of the Texas Constitution and the Fifth and Fourteenth Amendments to the United States
Constitution guarantee equal protection and prohibit selective prosecution, then states: 


Selective prosecution based on race was held unconstitutional in Yick Wo vs. Hopkins,
118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed 220 (1886). The court should extend Yick Wo and
hold that selective prosecution based on gender is likewise unconstitutional.e in the request.
 -->