**Bradley James CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14-81-293CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 5, 1983.

Donald W. Rogers, Jr., Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from a conviction for the offense of indecency with a child. Punishment was assessed at ten years probation. The appellant raises two grounds of error. We affirm.

In the first ground, the appellant argues that the trial court committed reversible error by permitting Mandy Saunders, the complaining witness, age three years at the time, to testify in violation of the TEX. CODE CRIM.PROC.ANN. art. 38.06, § 2 (Vernon 1979). The second ground of error, a sufficiency of evidence ground, is premised on the correctness of the first ground of error. Both grounds of error can be resolved by a proper construction of Article 38.06 which reads, in pertinent part, as follows:

Art. 38.06. [708] Persons competent to testify

All persons are competent to testify in criminal cases except the following:

. . . .

2. Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated, or who do not understand the obligation of an oath.

The record reflects that Mandy Saunder's mother, Rindy, testified that Mandy was born on July 7, 1977. Therefore, at the time of the offense, October 23, 1980, Mandy was just over three years and three months of age; at the time of trial, January 20, 1981, Mandy had not reached her fourth birthday.

The appellant's wife, Dianne, kept Mandy Saunders, and other children, in her residence Monday through Thursday while Mandy's mother worked outside the home. The appellant worked nights and usually slept late in the mornings. On the day of the offense, the appellant chose to masturbate. The evidence in the record is conflicting as to whether Mandy was invited into the bedroom while the appellant was masturbating or whether she proceeded into his bedroom uninvited. During that same night at the supper table, with her parents, Mandy, without being prompted, said that "Brad's Wienie has ice cream in it." A further interrogation that night by Mandy's mother and father prompted an investigation and an indictment.

At the trial, Mandy testified from her father's lap throughout most of the proceedings. The proceedings in the trial court lasted two days. There were twenty-six instances in which Mandy was unable to respond to questions asked to her during her testimony. Nearly all questions propounded to her, and answers given, were in response to leading questions and suggestions. The witness stated that she was three years old by holding up three fingers. The witness did remember that the State's Attorney had visited her in her home before the trial. On cross-examination, Mandy, at one point, did not know what it meant to tell the truth and could not tell her birthday. At another point, in the examination, the trial prosecutor established that Mandy

understood a distinction between telling the truth and "teasing", and she should not "tease" in court. Mandy also knew that if she did not tell the truth she would "get a spanking". Later Mandy said that she would not promise God to "tell things like they really are," but she was willing to tell the truth to the State's Attorney, if not to God. Mandy also testified that the appellant told her to come into the room where he was lying in the bed naked. She testified that she saw the appellant "rubbing his wienie" with his hands and that as the appellant masturbated "Ice cream came out." Mandy also identified the appellant in court as the person that exposed himself. The witness had difficulty in answering many questions on collateral matters, but her testimony which showed that the appellant had masturbated in her presence was clear, even though that testimony was not in sophisticated language. Mandy understood the act well enough to describe it.

The general rule is that the competency of a witness to testify is a question for determination by the trial court, and the trial court's ruling should not be disturbed unless an abuse of discretion is shown. *Williams v. State,* 439 S.W.2d 846 (Tex.Cr. App.1969). The appellant cites *Hipple v. State,* 80 Tex.Cr.R. 531, 191 S.W. 1150 (1917), as authority for the proposition that a three year old is incompetent to testify. In *Hipple* the trial court had both sides examine the child to determine her competency. The record of that hearing was not available for the appellate court to review. Without a record of the evidence, no comparison can be made about the competency of another three year old child's competency to testify. We hold that there is no precise age under which a child is deemed incompetent to testify. *Fields v. State,* 500 S.W.2d 500, 502 (Tex.Cr.App.1973).

Article 38.06 does not categorically exclude children as witnesses. The statute does not set a minimum age at which a child could be deemed competent to testify. There is nothing in the statute to indicate that children of a particular age may be summarily excluded as incompetent because

of age. The decision of this question rests primarily with the trial judge, who sees the witness, notices their manner, their apparent possession or lack of intelligence, and a trial judge may resort to any examination which would tend to disclose the witness' capacity and intelligence, as well as the understanding of the obligations of an oath. There were many inconsistencies in the testimony of the witness, but inconsistencies alone in a child's testimony does not render the witness incompetent. *Melton v. State,* 442 S.W.2d 687 (Tex.Cr.App.1969).

We have reviewed the entire testimony of the child, and we cannot conclude that the trial court abused its discretion in permitting Mandy Saunders to testify. The evidence is sufficient to support the findings of the trial court.

No reversible error has been shown; therefore, both grounds of error are overruled and the judgment of the trial court is affirmed.