**Jack Wayne HECKATHORNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–84–133–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 13, 1985.

Rehearing Denied July 18, 1985.

S.A. Guiberson, Diantha Brennan, Houston, for appellant.

John B. Holmes, Dist. Atty., Calvin A. Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Jack Wayne Heckathorne appeals a jury conviction for aggravated sexual abuse of his natural son, age five at the time of trial. The jury assessed punishment at five years' confinement. We find no reversible error in the four grounds presented for our review; we therefore affirm the conviction.

■ In grounds of error one and two, appellant complains that the trial court erred in overruling his first and second amended motions for new trial. These amended motions for new trial were based upon allegations of (1) newly discovered evidence and (2) ineffective assistance of counsel. The Texas Code of Criminal Procedure provides for the filing and amending of motions for new trial as follows:

Art. 40.05 Time to apply for new trial; amendment

(a) A motion for new trial, if filed, shall be filed prior to or within 30 days after the date the sentence is imposed or suspended in open court.

(b) One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within 30 days after the date the sentence is imposed or suspended in open court....

TEX.CODE CRIM.PROC.ANN. art. 40.-05(a) & (b) (Vernon Supp.1985). Appellant was sentenced on December 2, 1983. The first amended motion for new trial was filed on January 12, 1984, (41 days after sentencing), while the second amendment was filed on February 14, 1984, (74 days after sentencing). Obviously, neither amendment was filed within the 30-day limit prescribed in art. 40.05(b).

■ The Court of Criminal Appeals recently discussed the time limits of art. 40.-05 in *Dugard v. State*, 688 S.W.2d 524 No. 611–83 (Tex.Crim.App.1985) (en banc). The court interprets this legislation to mean that a motion for new trial may be filed and amended without leave of court so long as the original motion and all amendments

are filed within 30 days after sentence is imposed.

The statutory method set forth in Article 40.05, as amended 1981, does not provide for any amendment of the motion for new trial after the said 30 days, even with leave of court. This represents an intentional change of the former statute ... requiring the filing and all amending of a motion for new trial within the said 30 days and not thereafter.

*Id.* Because appellant did not follow these statutory requirements, his amended motions were untimely. Untimely amended motions for new trial are a nullity and cannot form the basis for points of error on appeal. *Hester v. State*, 497 S.W.2d 501, 503 (Tex.Civ.App.—El Paso 1973, writ ref'd). The evidence presented to the trial court in support of these amended motions, therefore, may not be considered part of the record on appeal, and the remaining portion of the record properly before us does not support appellant's allegations of newly discovered evidence and ineffective assistance of counsel. Nevertheless, we have reviewed the evidence presented to the trial court in support of these untimely motions and find no error in the trial court's rulings. We therefore overrule grounds of error one and two.

Appellant next complains of trial court error in finding the five-year-old complainant competent to testify. Appellant contends first, that his son did not understand the difference between telling the truth and telling a lie, and second, that the inconsistencies in the child's testimony revealed that he lacked sufficient intellect to testify reliably.

■ To be considered a competent witness, a child must demonstrate to the court that he or she understands the obligation of an oath and has sufficient intellect to discuss the transactions under interrogation. TEX.CODE CRIM.PROC.ANN. art. 38.06 (Vernon 1979). However, no minimum age for competency exists, and inconsistencies in a child's testimony do not render the child incompetent. *Clark v. State*, 659 S.W.2d 53 (Tex.App.—Houston [14th

Dist.] 1983, no pet.). Appellate courts grant wide latitude to the trial court in assessing the competency of witnesses because "[t]he demeanor and manner of a witness on the stand is often as pertinent a factor in determining the mental capacity and competency of a witness as anything else." *Anderson v. State*, 53 Tex.Crim. 341, 110 S.W. 54, 57 (1908). The trial court's ruling on this issue will be disturbed only upon a clear showing of an abuse of discretion. *Clark v. State*, 659 S.W.2d at 55. After reviewing the record, we find no such abuse. The young complainant indicated that "telling what really happened" was the truth and "what didn't really happen" was a lie. He also indicated that he would be punished for telling a lie. Furthermore, although the child's testimony at trial contained inconsistencies, these discrepancies do not reflect upon the child's *competency*, only his *credibility*. We uphold the trial court's decision on this issue and overrule ground of error three.

In his final ground of error, appellant contends the trial court erred in admitting, over proper objection, the hearsay testimony of three of the State's witnesses. According to the testimony at trial, the complainant first revealed the alleged sexual abuse to his fourteen-year-old uncle, Stephen. On the day the complainant's mother discovered the abuse, the complainant and Stephen took a bath together after playing outside at the home of the child's maternal grandparents. During the bath, the complainant allegedly asked Stephen if he wanted him to "suck his wee-wee." When Stephen asked the child "who had taught him that," the child replied, "Daddy did." Stephen then told the child that he would have to tell his mother, but the child replied, "Daddy said not to tell nobody." After they finished bathing, Stephen led the child into the living room to talk to his mother and grandparents. The child then became nervous and upset and initially refused to repeat what he had told Stephen. After reassurances from his mother and grandfather, however, he discussed the sexual encounters he had experienced with his father. The trial judge admitted the

mother's, grandfather's, and uncle's testimony concerning these conversations with the complainant.

■ Appellant claims that his son's statements to the mother, grandfather, and uncle are hearsay and do not fit any recognized exception to the hearsay rule. He contends the statements were not spontaneous exclamations resulting from an emotional reaction to a specific, startling event; therefore, appellant alleges the statements cannot be admitted under the excited utterance exception to the hearsay rule. *See Martinez v. State*, 533 S.W.2d 20 (Tex. Crim.App.1976). We agree that the complainant's statements do not fit the excited utterance exception (traditionally and confusingly called the res gestae exception). We find, however, the trial court properly admitted these statements on a different legal theory.

■ The child's offer to "suck his uncle's wee-wee" and the subsequent statements to his mother and grandfather may be classified as an "outcry" wherein the victim of a sexual offense informs someone of the crime. In prosecutions for sexual offenses involving adults and sometimes older children as complainants, the victim usually issues an outcry in the form of a "complaint" about the experience. In this case, however, the victim's statements cannot be viewed as a "complaint" because he was of such a young age that he was unaware of the social ramifications of this sexual behavior. *See Waldrop v. State*, 662 S.W.2d 612, 614 (Tex.App.—Houston [14th Dist.] 1983, no pet.). Although his father had apparently told him not to tell anyone of this secret activity between them, the complainant obviously understood this sexual behavior to be an acceptable expression of love and affection between male family members, because he offered to engage in the activity with his uncle with whom he also shared a close, loving relationship. According to the testimony, the child did not become nervous and upset until the adults around him reacted

with shock and disapproval to his offer and to his explanation of this learned behavior.

Another example of such an outcry may be found in *Clark v. State*, 659 S.W.2d at 53. In this case, the three-year-old victim spontaneously announced at the dinner table one evening, "Brad's wienie has ice cream in it," referring to her babysitter's husband. Although this statement also was not lodged as a complaint, we believe it, too, may be classified as an outcry in the context of a very young child's informing someone of the commission of a crime.[1]

The Texas Code of Criminal Procedure authorizes testimony concerning an outcry as follows:

A conviction under Chapter 21, Section 22.011, or Section 22.021, Penal Code, is supportable on the *uncorroborated* testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred. The requirement that the victim inform another person of an alleged offense does not apply if the victim was younger than 14 years of age at the time of the alleged offense.... (Emphasis added.)

TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon Supp.1985). Appellant argues that while the legislature intended through art. 38.07 to allow a witness to testify concerning the victim's outcry, such outcry is not an exception to the hearsay rule and should not be admitted for the truth of the statement. *See Brown v. State*, 649 S.W.2d 160, 162 (Tex.App.—Austin 1983, no pet.). Appellant further argues that art. 38.07 does not apply to this case; therefore, he alleges it cannot be used to authorize the admission of an alleged outcry.

■ We agree with the opinion in *Brown* that an outcry should not be admitted for its truth, but merely as evidence that the victim informed someone of the offense. The jury was entitled to hear the complainant's statements alleging an offense, because these statements formed the basis upon which this charge was initiated. Had appellant requested a limiting instruction to the jury to consider this testimony only for the narrow purpose that a statement was made and not for the statement's truth, the trial judge would have been obliged to grant it. However, we find no such request in the record.

■ Appellant next argues that art. 38.07 does not apply to this case because (1) the State did not seek a conviction based upon the *uncorroborated* testimony of the victim and (2) the complainant is under 14 years of age. Appellant asserts that the testimony of the mother, grandfather, and uncle *corroborated* the child's testimony that an offense occurred; therefore, he alleges that art. 38.07 authorizing testimony of an outcry in a case based upon the *uncorroborated* testimony of a victim should not apply to the case at bar according to *Brown*, 649 S.W.2d at 160, and *Wilmeth v. State*, 629 S.W.2d 218 (Tex.App.—Dallas 1982, pet. ref'd). We disagree. In *Brown* and *Wilmeth*, wherein art. 38.07 was held inapplicable, an eyewitness to the sexual offense corroborated the young victim's testimony. In the present case, the State produced no eyewitness other than the five-year-old complainant. We believe art. 38.07 speaks to cases such as the one before us wherein the State seeks a conviction in the *absence* of any eyewitness to the offense other than the young victim. "The lack of any other eyewitness" is what is meant in art. 38.07 by "uncorroborated testimony." Therefore, art. 38.07 applies and authorizes testimony of the child's outcry.

■ Appellant next argues that art. 38.07 also fails to apply because his son is under 14 years of age. Article 38.07 says that the State may seek a conviction based upon the uncorroborated testimony of a victim *14 years of age or older* only if that victim informed someone of the offense

1. The admissibility of the three-year-old victim's outcry was not at issue in the *Clark* case. We merely refer to this remark as an example of statements made by children too young to comprehend the full meaning of the sexual behavior in question.

within six months after the offense occurred. The article further indicates that *the requirement that the victim inform someone of the offense* within six months does not apply if the victim is *younger than 14 years of age.* However, this language does not mean that the *entire article* is inapplicable if the victim is under 14 years of age; it only means that an outcry within six months of the offense is not a *prerequisite* to the prosecution of a defendant upon the uncorroborated testimony of a victim under 14 years of age. We do not construe this language to mean that the State is *forbidden* to introduce outcry evidence if the victim is under 14. Certainly, the fact that a child issued an outcry to one or more witnesses is relevant information that a jury is entitled to hear, as authorized by art. 38.07. In its task of ascertaining the truth in a complex trial, the jury is capable of assessing the credibility of the outcry witnesses and determining the weight of their testimony. We hold that the testimony concerning the complainant's statements was testimony of a victim's outcry pursuant to art. 38.07. As such, the trial court properly admitted this evidence.

Lastly, we note that even if the child's out-of-court statements could be construed as hearsay, any error in admitting them was rendered harmless when the child testified at trial on both direct and cross-examination. *Thompson v. State,* 665 S.W.2d 188, 190 (Tex.App.—Houston [1st Dist.] 1984, no pet.). The rationale for the exclusion of hearsay involves the fear of unreliability stemming from the lack of opportunity for opposing counsel to cross-examine the author of the out-of-court statements and lack of opportunity for the jury to observe the demeanor of this person during testimony under oath. *Maryland Casualty Co. v. Davis,* 181 S.W.2d 107, 109 (Tex.Civ.App.—Galveston 1944, no writ); 1A R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL § 782 (Texas Practice 3d ed. 1980). In the present case, the complainant was available throughout the trial for further examination before a jury capable of observing his demeanor and assessing his credibility.

Therefore, the usual reason for excluding these statements was not present in this case. We believe the statements in question *do not* constitute hearsay evidence, but instead constitute evidence of an outcry as previously discussed. However, if we are incorrect in this belief and the statements can be viewed as hearsay, their admission was harmless error in the context of this case. We overrule the fourth ground of error and affirm the trial court's judgment.