No. 04-98-00594-CR


Roel TORRES
,

Appellant


v.


The STATE of Texas
,

Appellee


From the 229th Judicial District Court, Duval County, Texas 

Trial Court No. 5,986

Honorable Ricardo H. Garcia, Judge Presiding


Opinion by: Karen Angelini, Justice


Sitting: Tom Rickhoff, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: February 24, 1999


AFFIRMED

Nature of the case

 A jury found Roel Torres guilty of the offense of indecency with a child. The court assessed
punishment at twenty years confinement. In his first issue, Torres contends that the court erred by
including a jury instruction that tracked the language of article 38.07 of the Code of Criminal
Procedure. In his second issue, Torres alleges that the court erred in giving the jury a definition in
response to the jury's note. In his third and fourth issues, Torres alleges that the evidence was
factually and legally insufficient to support his conviction.

Factual Background

 The evidence showed that the complainant, a thirteen year-old girl who resided in North
Texas, spent spring break with her grandmother in South Texas. The complainant testified that her
cousin, Torres, kissed her, and put his hands on her chest, between her legs, and on her bottom. She
testified that the incident occurred at her grandmother's house on March 14, 1997 and lasted for
about ten minutes. A few days later, the complainant returned to North Texas and in July or August
of 1997 told her adult sister's friend about the incident. The friend then told the complainant's sister
who in turn told the complainant's mother about the incident.

Jury Instruction

 In his first issue, Torres contends that the court erred by including a jury instruction which
tracked the language of article 38.07 of the Code of Criminal Procedure. When reviewing charge
errors, we must first determine whether error actually exists in the charge and then we must
determine whether sufficient harm resulted from the error to require reversal. Abdnor v. State, 871
S.W.2d 726, 731-32 (Tex. Crim. App. 1994). If a timely objection was made at trial, "then reversal
is required if the error is 'calculated to injure the rights of defendant,' which means no more than that
there must be some harm to the accused from the error." Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1984). If no proper objection was made at trial, the accused must claim that the
error was fundamental and reversal will be proper only if the error is so egregious and created such
harm that the accused has not had a fair and impartial trial. Id.

 The court submitted to the jury the following instruction in paragraph five of the jury charge:

 Our law provides that a conviction for Indecency with a Child is
supportable on the uncorroborated testimony of the victim of the
sexual offense if the victim informed any person, other than the
defendant, of the alleged offense within one year after the date on
which the offense is alleged to have occurred. The requirement that
the victim inform another person of an alleged offense does not apply
if the victim was younger than 18 years of age at the time of the
alleged offense.


 The instruction in paragraph five mirrors the language in article 38.07 of the Code of Criminal
Procedure. Defense counsel objected to the submission of the instruction on the basis that the
instruction presented an issue of law for the court rather than one of fact for the jury to decide. The
court overruled the objection. On appeal, Torres argues that the instruction constituted an improper
comment on the weight of the evidence in violation of article 36.14 of the Code of Criminal
Procedure.(1) Thus, the objection made at trial differs from the argument made on appeal. See Tex.
R. App. P. 33.1(a). Because Torres did not properly preserve error as to whether the instruction was
a comment on the weight of the evidence, Torres must show that any error was so egregious and
created such harm that he has not had a fair and impartial trial. See Almanza, 686 S.W.2d at 171.
Before considering the harm issue, we must first determine whether the submission of this
instruction was error.

 The Court of Criminal Appeals, citing Black's Law Dictionary, defines a comment upon the
evidence as meaning that the "trial judge is prohibited from conveying to [the] jury [the] trial judge's
personal opinion as to the truth or falsity of any evidence . . ." Russell v. State, 749 S.W.2d 77, 78
(Tex. Crim. App. 1988). A charge that assumes the truth of a controverted fact issue comments on
the weight of the evidence. Whaley v. State, 717 S.W.2d 26, 32 (Tex. Crim. App. 1986). Torres
points to Lemasters v. State as authority for his contention that the instruction given to the jury
constituted an improper comment on the weight of the evidence. Lemasters v. State, 164 Tex. Crim.
108, 297 S.W.2d 170, 171 (1956). In Lemasters, the court submitted an instruction pursuant to a
statute stating that a conviction could be had on the uncorroborated testimony of an accomplice. Id.
The court found that the instruction singled out the testimony of one witness and effectively
instructed the jury to convict if they believed the accomplice's testimony and as a result the court
found that the instruction was an improper comment on the weight of the evidence. Id.

 Torres also points to other cases which have found jury instructions to be comments on the
weight of the evidence. See Matamoros v. State, 901 S.W.2d 470, 477 (Tex. Crim. App. 1995)
(finding instruction concerning the reliability of DNA evidence constituted an improper comment
on the weight of the evidence); Zani v. State, 758 S.W.2d 233, 245 (Tex. Crim. App. 1988) (finding
instruction that afforded hypnotically refreshed testimony no greater deference than ordinary
testimony was improper comment on weight of evidence); Florio v. State, 532 S.W.2d 614, 618
(Tex. Crim. App. 1976) (finding that instruction informing jurors that they are the arbiters of the
credibility and reliability of expert opinion testimony was an improper comment on the weight of
the evidence).

 The instruction in this case is similar to the instructions in the cases Torres relies on in that
it tended to single out the testimony of the complainant. To the extent the instruction in this case
would have had the effect of "singling out evidence and inviting jurors to pay it particular attention,"
it was an impermissible comment on the weight of the evidence. See Zani, 758 S.W.2d at 245.
However, as stated above, because Torres did not lodge a proper objection at trial, he must show
egregious harm. See Almanza, 686 S.W.2d at 171. He must show he was deprived of a fair and
impartial trial. Id. In other words, Torres must show the case for conviction was actually made
clearly and significantly more persuasive by the error. See Evans v. State, 945 S.W.2d 153, 157
(Tex. App.--El Paso 1997, no pet.) (citing Saunders v. State, 817 S.W.2d 688, 690 (Tex. Crim. App.
1991)). Egregious harm has been defined as harm which affects the very basis of the case, deprives
the defendant of a valuable right or vitally affects a defensive theory. See Hutch v. State, 922
S.W.2d 166, 171 (Tex. Crim. App. 1996).

 In applying the Almanza standard, we must determine the degree of harm by looking at the
error in light of the entire jury charge, the state of the evidence, including the contested issues and
weight of probative evidence, the argument of counsel, and any other relevant information revealed
by the record of the trial as a whole. Almanza, 686 S.W.2d at 171. The error in this case is, as we
stated above, that the instruction singled out the complainant's testimony. The instruction is not an
incorrect statement of the law and, in fact, because the complainant was undisputedly under the age
of 18, the instruction was not necessary.(2)

 Reviewing the jury charge as a whole, there is nothing else in the charge that erroneously
highlights the complainant's testimony. Further, we note the erroneous instruction was not included
in the application paragraph, that portion of the charge that authorizes the jury to act, but instead was
included with the other more abstract instructions in the charge. See Hutch, 922 S.W.2d at 172-73.
 Looking at the state of the evidence, including the contested issues and weight of probative
evidence, we note the State presented two witnesses -- the complainant and her mother. The
complainant testified Torres kissed her, and put his hands on her chest, between her legs, and on her
bottom. She further testified that when she told him to stop, he told her it was okay because he had
done the same thing to her sisters. The complainant's mother testified to the complainant's change
in behavior and attitude after returning from her visit to her grandmother's house where the offense
allegedly occurred. The mother also testified that the complainant first told someone about the
incident about five months after it happened.

 Torres did not testify but presented four witnesses in his defense -- his girlfriend, his ex-wife, his grandmother and his mother. Their testimony was, essentially, that they did not believe
the complainant's testimony that Torres had fondled her. They were not witnesses to the offense nor
did they have any personal knowledge regarding whether the offense occurred. They simply did not
believe that it had happened.

 Insofar as whether the error related to a contested issue as shown by the state of the evidence,
we again note that the instruction would have been proper had there been a contested issue
concerning whether the complainant made a timely outcry. However, because the complainant was
under the age of 18, the instruction had no bearing on any contested issue in the trial. The contested
issue in the trial concerned whether the complainant was telling the truth. The complainant was the
only witness who actually testified to the elements of the offense. The defense witnesses had no
knowledge of any facts relating to the occurrence of the offense itself, but instead merely testified
to their belief that the complainant was not credible. Given the state of the evidence as a whole, we
cannot say that the instruction caused Torres egregious harm or that he was deprived of a fair and
impartial trial because of it.

 Considering the argument of counsel is likewise unconvincing. Although the State did
include in its argument a reiteration of the instruction which tracked Article 38.07, it was not
excessively emphasized. It was not an improper argument because it was a correct statement of the
law.

 We overrule Torres's first issue. 

"Uncorroborated"


 In his second issue, Torres alleges that the court erred in giving the jury a definition of
"uncorroborated." During deliberations, the jury sent a note requesting the legal definition of the
term "uncorroborated" which was used in the jury instruction based on article 38.07 discussed above.
The record reflects that the court defined "uncorroborated" as: "The absence of any eye-witness to
the offense other than the young victim." The record further reflects that this definition was obtained
from Heckathorne v. State, 697 S.W.2d 8, 12 (Tex. App.--Houston [14th Dist.] 1985, pet. ref'd).(3)

 Defense counsel lodged the following objection to the definition:

 Okay, your Honor. The defendant would object to the uh, providing
of such a definition because the jury at this point . . . to the jury at this
point. And I would ask that the record reflect that the jury at this
point has been deliberating approximately three hours. In that uh, the
only portion of the charge in which this word "uncorroborated"
appears is that paragraph five that was objected to by the defendant
prior to submission of the charge and that uh, inclusion of both that
paragraph, paragraph number five, I would renew my objection to the
inclusion of that paragraph. Furthermore, Your Honor, I would
object that uh, the supplementation by the Court with this definition
at this point uh, further injures the rights of my client and that uh, as
per section Article 36.19, that it is error for the Court not only to
submit paragraph number five, but to supplement the record by
defining this word and that in doing so, it is calculated to injur[e] the
rights of the defendant as per Article 36.19. That's my objection,
Your Honor.


The court overruled the objections. On appeal, Torres complains that the definition and more
specifically the words "young" and "victim" constituted an improper comment on the weight of the
evidence in violation of article 36.14 of the Code of Criminal Procedure. Although defense counsel
stated at trial that the definition injured his client's rights, he did not specify any grounds for his
objection. See Tex. R. App. P. 33.1(a)(1)(A). Thus, Torres has failed to make a proper objection
and, again must show that any error was egregious and created such harm that he did not have a fair
and impartial trial. See Almanza, 686 S.W.2d at 171.

 We find that the use of the words "the young victim" in the definition of "uncorroborated"
amounted to an improper comment on the weight of the evidence. It tends to imply that an offense
took place and that the judge believed that the complainant was a victim which was contested at trial.
See Talkington v. State, 682 S.W.2d 674, 675 (Tex. App.--Eastland 1984, pet. ref'd) (use of
"victim" in jury charge commented on the weight of the evidence because controversy was whether
complainant consented to sexual intercourse). The complainant testified that Torres fondled her and
Torres's defense was that the complainant was lying. Thus, the use of the words "the young victim"
assumes that an offense occurred and thus commented on the weight of the evidence. See Whaley,
717 S.W.2d at 32 (finding charge that assumes truth of a controverted fact issue comments on the
weight of the evidence).

 We must again, however, apply the Almanza standard. Almanza, 686 S.W.2d at 171. Torres
argues that the use of the word "victim" was highly prejudicial and calculated to injure his rights
because it implied that an offense had been committed and bolstered the State's case. We disagree
because Torres has not proven that the error was so egregious and created such harm that he was
denied a fair and impartial trial.

 Considering the entire charge, we note that the application paragraph required the jury to
convict Torres if they found that he intentionally and knowingly engaged in sexual contact with the
complainant. Clearly, the application paragraph made no assumption that an offense had occurred.
Further, we presume that the jury followed those instructions. See Rose v. State, 752 S.W.2d 529,
554 (Tex. Crim. App. 1987). With regard to closing argument, the State reminded the jurors that
they were asked during voir dire if they could return a verdict of guilty based solely on the testimony
of the victim alone if they believed the victim. The State then referred to the article 38.07 instruction
and stated that the law allowed conviction based solely on the complainant's testimony. The State
did not emphasize the reference to the complainant as the "young victim."

 While the use of the words "the young victim" might have implied that an offense had
occurred, there is nothing to indicate when considering the testimony, arguments of counsel, and the
jury charge that the use of the words "the young victim" caused the jury to believe that an offense
had occurred. We presume that the jury, as the sole judge of the credibility of the witnesses,
followed the jury charge and convicted Torres because they believed that he engaged in sexual
contact with the complainant and not because the definition used the words "the young victim."
Torres has not shown that the error was so egregious and created such harm that he did not have a
fair and impartial trial. We overrule the second issue.


Sufficiency of the evidence


 In his third and fourth issues, Torres alleges that the evidence was factually and legally
insufficient to support the conviction. When presented with a factual insufficiency claim, we view
all the evidence without the prism of "in the light most favorable to the verdict," and reverse "only
if [the verdict] is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust." Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). All the evidence in the
record must be reviewed. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997) (citing
Clewis, 922 S.W.2d at 129). Evidence which tends to prove the issue is compared with evidence
which tends to disprove the issue. Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).
We give appropriate deference to the jury's decision and do not substitute our judgment for theirs.
Clewis, 922 S.W.2d at 135. We do not reverse a jury's decision simply because we disagree with the
result, and we may find the evidence factually insufficient only where necessary to prevent manifest
injustice. Cain, 958 S.W.2d at 407.

 The indictment alleged that Torres intentionally and knowingly engaged in sexual contact
with the complainant by touching the anus or genitals or breast of the complainant, a child younger
than seventeen years of age, with intent to arouse and gratify his sexual desire. Torres argues that
there is insufficient evidence that he intended to arouse and gratify his sexual desire. However, the
requisite specific intent to arouse and gratify the sexual desire of any person can be inferred from
the defendant's conduct, his remarks, and all surrounding circumstances. McKenzie v. State, 617
S.W.2d 211, 216 (Tex. Crim. App. 1981).

 The complainant testified that Torres kissed her, touched her on her chest, in-between her
legs, and on her butt. The complainant testified that she told Torres to stop but he said it was okay
because he had done it to her sisters. There were no eyewitnesses to the offense and Torres did not
testify. Torres called witnesses such as his mother and grandmother who testified that they did not
believe the complainant and that Torres could not have committed this offense. Thus, the requisite
intent can be inferred by Torres's conduct and remarks.

 The jury is the sole judge of the credibility of the witnesses and the weight to be given their
testimony. Santellan, 939 S.W.2d at 164. We must give due deference to the jury on these issues.
Id. at 166. After reviewing all the evidence, we cannot say that a finding that Torres acted with the
requisite intent "is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust." Clewis, 922 S.W.2d at 134. We conclude that the evidence is factually sufficient to
support the judgment and overrule Torres's third issue. 

 In reviewing a claim of legal insufficiency, we review the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307, 318-19
(1979). Viewing the evidence in a light most favorable to the verdict, Torres's intent to arouse and
gratify his sexual desire can be inferred from his conduct. Thus, a rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. We find the evidence legally
sufficient and overrule Torres's fourth issue.

 Accordingly, we affirm the judgment.


 Karen Angelini, Justice

DO NOT PUBLISH

1. Article 36.14 states in pertinent part: " . . . the judge shall, before the argument begins, deliver to the jury,
except in pleas of guilty, where a jury has been waived, a written charge distinctly setting forth the law applicable to
the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts
or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury." Tex. Code
Crim. Proc. Ann. § 36.14 (Vernon Supp. 1998) (emphasis added).
2. The instruction would have been appropriate as a limiting instruction if the complainant had been over the age
of 18 and failed to make an outcry within a year of the offense. See 8 Michael J. McCormick et al., Texas
Practice: Texas Criminal Forms and Trial Manual § 105.16 (10th ed. 1995).
3. The Heckathorne case discuses article 38.07 and the definition given to the jury came from the following
excerpt:


 We believe art. 38.07 speaks to cases such as the one before us wherein the State seeks a
conviction in the absence of any eyewitness to the offense other than the young victim.
"The lack of any other eyewitness" is what is meant in art. 38.07 by "uncorroborated
testimony."


Heckathorne, 697 S.W.2d at 12.


Return to
4th Court of Appeals Opinions