TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00209-CR






David Gonzales, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0990637, HONORABLE FRED A. MOORE, JUDGE PRESIDING







 This is an appeal from a jury verdict convicting David Gonzales of aggravated
sexual assault of a child and assessing punishment at seventy years' imprisonment. In three points
of error, Gonzales contends that: (1) the evidence is factually insufficient to support the verdict;
(2) the trial court abused its discretion in finding the State's witness, R.M., competent to testify;
and (3) the trial court abused its discretion in overruling his challenge for cause to a juror. We
will affirm the conviction.


BACKGROUND


 On June 29, 1998, eight-year-old R.G. and her five-year-old brother R.M. went
next door into Gonzales's yard to play with some cats. Gonzales called them over and instructed
R.M. to go home and get some scissors. He then led R.G. into a storage shed and placed a
bandana over her eyes. He asked her to open her mouth and when she refused, he forced it open. 
Gonzales then placed his penis in R.G.'s mouth. R.G. eventually took the blindfold off and fled. 
The entire episode lasted between ten and twenty minutes. When R.G. got home, she ran to the
bathroom to wash out her mouth. Her brother R.M. was in the bathroom with her at that time,
and she told him what happened. R.G. did not tell her mother about the assault until the next day,
at which time her mother reported the assault to the police.

 Gonzales was indicted for aggravated sexual assault of a child, (1) indecency with a
child by contact, (2) and indecency with a child by exposure. (3) He was further charged as a habitual
felon by reason of two prior felony convictions. (4)

 At trial, both R.G., then nine years old, and her brother R.M., then seven years
old, testified. Prior to their testimony, the court examined both children in a hearing outside the
presence of the jury to determine whether they were competent to testify. The trial court admitted
the testimony of both children, and the jury found Gonzales guilty of aggravated sexual assault. 
Gonzales requested that punishment be assessed by the jury. Following a hearing, the jury
assessed punishment at seventy years' imprisonment in the Institutional Division of the Texas
Department of Criminal Justice.

DISCUSSION


 Gonzales appeals the conviction and sentence in three points of error. He contends
that: (1) the evidence is factually insufficient to support the verdict; (2) the trial court abused its
discretion in finding the State's witness, R.M., competent to testify; and 3) the trial court abused
its discretion in overruling his challenge for cause to a juror.


Factual Sufficiency

 When conducting a factual sufficiency review, the court does not review the
evidence in the light most favorable to the verdict. See Johnson v. State, No. 1915-98, slip op.
at 12 (Tex. Crim. App. Feb. 9, 2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996). Rather, the court considers all the evidence equally, including the testimony of defense
witnesses and any alternative hypotheses. See Johnson, slip op. at 10; Clewis, 922 S.W.2d at
129. An appellate court is not free to reweigh the evidence and set aside a verdict merely because
it feels that a different result is more reasonable. See Clewis, 922 S.W.2d at 135. The verdict
should be set aside only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. See Johnson, slip op. at 25; see Clewis, 922 S.W.2d at 129.

 First, Gonzales contends that the jury's verdict is contrary to the overwhelming
weight of the evidence because the State's witnesses could not testify to the precise time of the
assault. The victim testified that it was afternoon, "almost getting dark." Her brother gave
contradictory answers when asked whether it was still daylight or was getting dark and
acknowledged that he did not know what time the incident occurred. Officer Billie Hancock, the
officer to whom the victim's mother reported the assault, testified that the mother had originally
told him that she thought the assault had occurred around 3:00 p.m. She was less sure of the
precise time at trial. The mother acknowledged that her mental state on the date of the offense
was likely impaired due to a recent miscarriage. She had lost a lot of blood and was taking
medication. At trial, she could not recall telling Officer Hancock that the offense took place
around 3:00 p.m. According to the mother's testimony, the assault could have occurred as early
as 1:00 p.m. or as late as 8:30 p.m.

 Pinpointing the precise time of the assault was critical to Gonzales's alibi defense. 
Gonzales provided witnesses who attested to his whereabouts on June 29, 1998. Gonzales asserts
that the one credible estimate of the time of the offense came from Officer Hancock who testified
that the assault probably occurred at approximately 3:00 p.m. Gonzales's co-workers testified that
at that time Gonzales was with them attending a meeting at the University of Texas. They
testified that prior to 3:00 p.m. they were at a job site with Gonzales and that after the meeting
ended at approximately 5:00 p.m., they took him home. Gonzales does not challenge the fact that
he was home after 5:00 p.m. when the assault could have occurred just as R.G. alleged.

 While Gonzales's alibi defense is not foreclosed by the evidence, we must give
appropriate deference to the jury's verdict by finding error only where necessary to prevent
manifest injustice. See Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Indeed,
there were inconsistencies in the witnesses' testimony, but it is the province of the jury to weigh
the different accounts, make determinations as to the credibility of the witnesses, and render its
verdict accordingly. Upon reviewing all the evidence in the record, we conclude that the verdict
was not so contrary to the evidence as to be manifestly unjust.

 This same analysis applies to Gonzales's next contention that the jury's verdict was
contrary to the overwhelming weight of the evidence because R.G. failed to identify him in the
courtroom as her attacker. The jury was free to weigh R.G.'s failure to identify her attacker at
trial against her two prior identifications of Gonzales as her attacker--to her mother and in a photo
line-up prepared by the Austin Police Department--and render a verdict based on what they
believed. Even though R.G. failed to identify Gonzales as her attacker at trial, the jury's verdict
was not clearly wrong and unjust. Gonzales's first point of error is overruled.


Competency of the Witness

 In his second point of error, Gonzales contends that the trial court abused its
discretion in finding R.M. competent to testify under Texas Rule of Evidence 601(a)(2). Because
Gonzales did not object to the court's ruling or to R.M.'s testimony at trial, he waived this issue
on appeal. See Tex. R. App. P. 33.1(a).

 Even if Gonzales had preserved this issue for appeal, we would nevertheless
overrule this point of error. A witness's competence to testify is an issue for the trial court, and
the court's ruling should not be disturbed on appeal absent an abuse of discretion. See Dufrene
v. State, 853 S.W.2d 86, 88 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd); Reyna v. State,
797 S.W.2d 189, 191 (Tex. App.--Corpus Christi 1990, no pet.). The reviewing court should
grant the trial court wide latitude in assessing the competency of witnesses because "[t]he
demeanor and manner of a witness on the stand is often as pertinent a factor in determining the
mental capacity and competency of a witness as anything else." Heckathorne v. State, 697
S.W.2d 8, 11 (Tex. App.--Houston [14th Dist.] 1985, pet. ref'd). Inconsistencies in a child's
testimony relate to the child's credibility rather than the child's competency. See id.

 We have reviewed the record and find that the trial court did not abuse its
discretion in ruling that R.M. was competent to testify, despite any inconsistencies in R.M.'s
testimony. While R.M. was confused by the court's abstract questions about telling the truth and
lying, his answers to concrete questions revealed that he understood the difference between the
truth and a lie. More importantly, he could recall and describe the events on the day of the assault
when questioned by both the State and Gonzales. Thus, viewing the record as a whole, we find
that the trial court did not abuse its discretion in finding R.M. competent to testify. Gonzales's
second point of error is overruled.


Voir Dire

 In his third point of error, Gonzales argues that the trial court abused its discretion
in overruling his challenge for cause to a prospective juror because her responses established that
she was biased as a matter of law. A venire member may be challenged for cause when she has
a bias against or in favor of the defendant. See Tex. Code Crim. Proc. Ann. art. 35.16(a)(9)
(West 1989). If a prospective juror is biased as a matter of law, that juror must be excused when
challenged, even if she states that she can set aside her bias and provide a fair trial. See Anderson
v. State, 633 S.W.2d 851, 853 (Tex. Crim. App. 1982). However, it is left to the broad
discretion of the trial court to determine first whether bias exists. See id. at 854. Absent a clear
abuse of discretion, we will not disturb the trial court's ruling on a challenge for cause. See
Mooney v. State, 817 S.W.2d 693, 701 (Tex. Crim. App. 1991). The trial court should be given
wide latitude because the trial judge is in the best position to gauge the prospective juror's
demeanor and tone of voice. See id. Where the juror states that she believes she can set aside
any biases she may have and the trial court overrules a challenge for cause, the decision will be
reviewed in light of all of the answers the prospective juror gives. See id. at 701.

 During voir dire, the following exchange occurred:


MS. KOCUREK: Is there anybody here that has a bias or prejudice for or against
the District Attorney's Office?


[JUROR]: I do.


MS. KOCUREK: You do, [Juror]?


[JUROR]: They won my case, so I do.



Subsequent questioning revealed that the juror had been the complaining witness in an assault case
four or five years earlier. The prosecutor in the present case had also been the prosecutor in that
case. The juror indicated that she would tend to believe the prosecutor more because of this past
association. However, in response to further questioning by both the State and Gonzales, the
juror stated unequivocally that she would be fair to both parties and would be able to hold the
State to its burden of proving its case beyond a reasonable doubt.

 Gonzales contends that the juror was biased as a matter of law because she knew
the prosecutor. In support of his argument, Gonzales cites Gum v. Schaeffer, 683 S.W.2d 803
(Tex. App.--Corpus Christi 1984, no writ). Schaeffer does not establish that a juror's acquaintance
with a party to a case constitutes bias as a matter of law. The trial court still retains the discretion
to determine whether bias exists in light of the acquaintance between the juror and some other
person connected to the case. In Anderson v. State, the defendant objected to a venire person for
cause after the prospective juror admitted that she knew the victim of the rape and several of the
State's witnesses. See 633 S.W.2d at 853. The trial court overruled the objection, and the court
of criminal appeals affirmed, holding that the trial court did not abuse its discretion in overruling
the objection. See id. at 854. We likewise hold that the trial court did not abuse its discretion
in overruling Gonzales's challenge for cause.

 Gonzales further contends that the juror's responses established that she was biased
as a matter of law. He frames his argument as if a venire person's mere utterance of the word
"bias" shows that the person is imbued with "bias as a matter of law." However, the trial court's
duty to evaluate a venire person and judge whether bias exists cannot be reduced to such a
mechanistic determination. "Determinations of juror bias cannot be reduced to question and
answer sessions which obtain results in the manner of catechism." Wainwright v. Witt, 469 U.S.
412, 424 (1985). To do so would undermine the wide latitude we give the trial court, which is
in a better position to gauge the venire person's demeanor and tone of voice than is a reviewing
court faced with a cold record. This need for deference is especially critical when the reviewing
court is faced with a record that demonstrates some qualification in a venire person's responses. 
See Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). Although the juror provided
information that certainly raised the issue of bias, she concluded that she could and would hold
the State to its burden and be fair to both parties even though she knew the prosecutor. Because
the trial court was in the best position to judge the credibility of the juror's responses, we give
great deference to the trial court's decision. (5) The juror's later responses support the trial court's
finding that she was not biased as a matter of law. We hold that the trial court did not abuse its
discretion in denying Gonzales's challenge to the juror for cause. Gonzales's third point of error
is overruled.


CONCLUSION


 Having overruled Gonzales's three points of error, we affirm the judgment of the
trial court.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Smith

Affirmed

Filed: May 11, 2000

Do Not Publish
1. See Tex. Penal Code Ann. § 22.021 (West Supp. 2000).
2. See Tex. Penal Code Ann. § 21.11(a)(1) (West Supp. 2000).
3. See Tex. Penal Code Ann. § 21.11(a)(2) (West Supp. 2000).
4. See Tex. Penal Code Ann. § 12.42 (West Supp. 2000).
5. We note that the better course might have called for excusing the juror. However, our
standard of review is abuse of discretion, not de novo.



ring voir dire, the following exchange occurred:


MS. KOCUREK: Is there anybody here that has a bias or prejudice for or against
the District Attorney's Office?


[JUROR]: I do.


MS. KOCUREK: You do, [Juror]?


[JUROR]: They won my case, so I do.



Subsequent questioning revealed that the juror had been the complaining witness in an assault case
four or five years earlier. The prosecutor in the present case had also been the prosecutor in that
case. The juror indicated that she would tend to believe the prosecutor more because of this past
association. However, in response to further questioning by both the State and Gonzales, the
juror stated unequivocally that she would be fair to both parties and would be able to hold the
State to its burden of proving its case beyond a reasonable doubt.

 Gonzales contends that the juror was biased as a matter of law because she knew
the prosecutor. In support of his argument, Gonzales cites Gum v. Schaeffer, 683 S.W.2d 803
(Tex. App.--Corpus Christi 1984, no writ). Schaeffer does not establish that a juror's acquaintance
with a party to a case constitutes bias as a matter of law. The trial court still retains the discretion
to determine whether bias exists in light of the acquaintance between the juror and some other
person connected to the case. In Anderson v. State, the defendant objected to a venire person for
cause after the prospective juror admitted that she knew the victim of the rape and several of the
State's witnesses. See 633 S.W.2d at 853. The trial court overruled the objection, and the court
of criminal appeals affirmed, holding that the trial court did not abuse its discretion in overruling
the objection. See id. at 854. We likewise hold that the trial court did not abuse its discretion
in overruling Gonzales's challenge for cause.

 Gonzales further contends that the juror's responses established that she was biased
as a matter of law. He frames his argument as if a venire person's mere utterance of the word
"bias" shows that the person is imbued with "bias as a matter of law." However, the trial court's
duty to evaluate a venire person and judge whether bias exists cannot be reduced to such a
mechanistic determination. "Determinations of juror bias cannot be reduced to question and
answer sessions which obtain results in the manner of catechism." Wainwright v. Witt, 469 U.S.
412, 424 (1985). To do so would undermine the wide latitude we give the trial court, which is
in a better position to gauge the venire person's demeanor and tone of voice than is a reviewing
court faced wi