NUMBER
13-01-041-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                            CORPUS CHRISTI-EDINBURG            

                                                                                                                     


 

HAROLD
P. COPE ,                                                               
 Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS ,                                                         Appellee.

                                                                                                                     


 

                        On appeal from the
105th District Court 

                                  of Nueces
County, Texas.

                                                          
                                                           

 

                                      OPINION

 

       Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

                             Opinion by Chief
Justice  Valdez

 








Appellant, Harold Cope, was convicted by a jury on three counts
of sexual assault.  He was sentenced by
the same jury to five years imprisonment on the first two counts and ten years
for the third count.  Through four points
of error, appellant argues the trial court erred during the punishment phase of
the trial when it : (1) admitted evidence of an extraneous offense where the
State failed to provide sufficient evidence that the jury could reasonably find
beyond a reasonable doubt that the defendant committed said offense; (2)
admitted hearsay testimony from several of the State=s witnesses regarding sexual abuse allegations; (3) refused
appellant=s limiting
instruction to consider outcry testimony only for the narrow purpose that the
statement was made and not for the statement=s truth; and (4) permitted the State to use leading questions
during the direct examination of the victim. 
We affirm.

Facts

At trial, evidence was introduced showing that appellant and
the victim were alone in his trailer when the appellant began rubbing her legs
while they were sitting on the couch.  He
then took her into his bedroom, undressed her and touched her Abutthole with his hands@ and put his fingers inside her vagina.  The victim told her mother about the incident
and then gave her sister a detailed account. 
The victim=s sister took her to the hospital where she was examined.  The victim is appellant=s fourt-two year old sister-in-law who suffers from Down=s Syndrome.  Mary
Lindberg, a psychologist at Nueces County Mental Health and Mental Retardation
Center, testified the victim is a person with mental retardation, functioning
at the level of a seven or eight year old child.

Extraneous Offenses

In his first point of error, appellant asserts that trial court
erroneously admitted  evidence of an
extraneous offense during the punishment phase of the trial.  He contends that the court allowed the State
to introduce evidence of an extraneous offense that was not proven beyond a
reasonable doubt.  








During the punishment phase of the trial, the trial court
allowed the State to cross-examine appellant=s wife about appellant=s previous indictment for sexual assault in 1975.  Prior to the admission of said testimony,
appellant objected on grounds that the charges did not result in a final
conviction, that the probative value was outweighed by the prejudicial impact,
and the testimony was outside of appropriate limitations.  The trial court considered the testimony
outside the presence of the jury and appellant then objected that the State=s examination failed to prove the prior bad act beyond a
reasonable doubt.  The State responded
that whether or not it has proven the extraneous offense is an issue for the
jury to determine.  The court overruled
appellant=s objection and
allowed the testimony.

For purposes of assessing punishment, the State may offer
evidence of any extraneous crime or bad act that is shown, beyond a reasonable
doubt, to have been (1) committed by the defendant, or (2) for which the
defendant could be held criminally responsible. 
Tex. Code Crim. Proc. Ann. art.
37.07, ' 3(a)(1)
(Vernon Supp. 2002).  Prior crimes or bad
acts are introduced to provide additional information which the jury may use to
determine what sentence the defendant should receive.  Fields v. State, 1 S.W.3d 687, 688
(Tex. Crim. App. 1999).  








A trial court=s actions as to the admissibility of extraneous offense
evidence is reviewed under an abuse of discretion standard.  See Mitchell v. State, 931 S.W.2d
950,  953 (Tex. Crim. App. 1996).  The trial court must first determine that the
evidence is relevant and that the jury could find beyond a reasonable doubt
that the defendant committed the extraneous offense.  Harrell v. State, 884 S.W.2d 154,
160-61 n.14 (Tex. Crim. App. 1994). 
Evidence is relevant when it has Aany tendency to make the existence of any fact that is of
consequence to the determination of the action more probable or less probable
than it would be without the evidence.@  Tex. R. Evid. 401.  A
trial court abuses its discretion if by no reasonable perception of common
experience it admits evidence that is not relevant by any reasonable
interpretation.  Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh=g).  Therefore, an
appellate court should not disturb a trial court=s decision to admit extraneous offense evidence at the
punishment stage of the trial as long as the ruling was at least within the
zone of reasonable disagreement.  Id.          In this case, the extraneous evidence
consisted of testimony from the appellant=s wife.  Her testimony on
cross-examination is as follows:

Q       Now,
Mrs. Cope, back in 199- -- 1975, you were a complaining witness to a sexual
assault case being filed against Mr. Harold Cope involving your daughter, isn=t that correct?

 

A       Yes,
sir.

 

Q       Okay.  And at the time, you requested that the State
dismiss this case against Mr. Harold Cope because you wanted to keep the family
together; isn=t that correct?

 

A       That=s correct.

 

Q       Okay.  And you believe that Mr. Harold Cope
committed the offense of sexual assault on your daughter, isn=t that true?

 

A       Yes,
sir.

 

Q       Okay.  And you told numerous people that Mr. Harold
Cope committed the offense of sexual assault on your stepdaughter in 1975; isn=t that correct?

 

A       Yes,
sir.

 








The jury, as the exclusive judge of the facts, is to determine
whether the State has proven the extraneous offense beyond a reasonable doubt
and should be so instructed by the trial court. 
Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000).  Once this requirement is met, the fact finder
may use the evidence however it chooses in assessing punishment.  Mitchell, 931 S.W.2d at 954.  

Mrs. Cope testified during cross examination that she believed
her husband committed sexual assault against her daughter.  She also testified that the only reason she
requested the indictment be dismissed was to keep her family together.  In determining the admissibility of this
evidence, we cannot say that the trial court acted without reference to any
guiding principles or acted in a manner that is arbitrary and capricious.  See Montgomery, 810 S.W.2d at
392.  As such, we hold that the trial
court did not abuse its discretion in admitting the evidence.  

Appellant=s first point of error is overruled.

Hearsay

In his second point of error, appellant asserts that the trial
court erred in admitting hearsay testimony from Linda Michaud and Officer Laura
Laster. 

At trial, appellant objected to Linda Michaud=s testimony as to what the victim told her concerning the
location of the offense.  Appellant
objected to Officer Laura Laster=s testimony, as to what the victim=s sister told her regarding the location of the offense and the
identity of the defendant. 








The Texas Court
of Criminal Appeals held that a violation of the evidentiary rules resulting in
the erroneous admission of evidence is non-constitutional error.  See Johnson v. State, 967
S.W.2d 410, 417 (Tex. Crim. App. 1998)(applying 44.2(b) harm analysis to the
erroneous admission of hearsay evidence). 
Furthermore, it is well-established that the improper admission of
evidence does not constitute reversible error if the same facts are proved by
other properly admitted evidence.  See
Anderson v. State, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986).

On direct
examination, the victim testified as to these topics without objection.  Thus, even if the trial court erred in
allowing Linda Michaud and Officer Laster to testify about the victim=s out of court
statements, we disregard the error because it is merely cumulative of testimony
that was admitted from the victim=s unobjected to
testimony and therefore, appellant=s substantive
rights were not affected. Couchman v. State, 3 S.W.3d 155, 161 (Tex.
App.BFort Worth
1999, pet. ref=d); see also
Tex. R. App. P. 44.2 (b).[1]

Point of error
two is overruled.

In his third
point of error, appellant argues that the trial court erred in refusing his
request for a limiting instruction to consider the outcry testimony only for
the narrow purpose that a statement was made and not for the statement=s truth.  He argues that he suffered harm since
the  jurors were allowed to take hearsay
statements for the truth of the matter asserted.     








Appellant
correctly relies on Heckathorne v. State, 697 S.W.2d 8, 12 (Tex. App.BHouston [14th
Dist.] 1985, pet. ref=d), for the
proposition that if the defendant requests a limiting instruction requesting
that the jury consider outcry testimony only for the purpose that a statement
was made, and not for its truth, the trial court is obligated to grant it.  He fails, however to continue with that court=s analysis
which opined that Aeven if the
child=s out-of-court
statements could be construed as hearsay, any error in admitting them was
rendered harmless when the child testified at trial on both direct and
cross-examination.@  Id. at 13;  Thompson v. State, 665 S.W.2d 188, 190
(Tex. App.BHouston [1st
Dist.] 1984, no pet.).  The rationale for
the exclusion of hearsay involves the fear of unreliability stemming from the
lack of opportunity for opposing counsel to cross-examine the author of the
out-of court statements and lack of opportunity for the jury to observe the
demeanor of this person during testimony under oath.  Heckathorne, 697 S.W.2d at 12; Maryland
Cas. Co. v. Davis, 181 S.W.2d 107, 109 (Tex. Civ. App.BGalveston 1944,
no writ).  

In the present
case, the victim was available throughout the trial for further examination
before a jury capable of observing her demeanor and assessing her
credibility.  Heckathorne, 697
S.W.2d at 12.  Accordingly, any
error in failing to issue this limiting instruction thereby allowing these
hearsay statements to be admitted was rendered harmless in the context of this
case.  Id.  

We overrule the
third point of error.    

Leading
Questions

In his fourth
point of error, appellant argues that the trial court erred in permitting the
State to use leading questions during direct examination of the victim.  








Texas Rule of
Evidence 611(c) does not forbid the asking of leading questions; it states that
leading questions Ashould not be
used on the direct examination of a witness except as may be necessary
to develop the testimony of the witness.@  Tex.
R. Evid. 611(c).  Permitting
leading questions on direct examination is a matter within the discretion of
the trial court.  Wyatt v. State,
23 S.W.3d 18, 28 (Tex. Crim. App. 2000). 
Abuse of discretion cannot be shown Aunless [appellant] can show that he was
unduly prejudiced by virtue of such questions.@  Id.  

Appellant does
not specifically point out any of the Atoo numerous@ examples.  He cites no instance where any particular
questions prejudiced him or caused irreparable harm.  On appeal, he makes only a general accusation
that the trial court=s actions
prevented him from receiving a fair trial. 

The record
reflects that the appellant objected to leading questions only three
times.  The record also shows that the
victim is a person with mental retardation, functioning at the level of a seven
or eight year old child.  See Clark v.
State, 952 S.W.2d 882, 886 (Tex. App.BBeaumont 1997,
no pet.)(recognizing relaxed standards concerning leading questions during
direct examinations of children).  We
hold that appellant=s general
accusation of harm makes no showing that the trial court abused its discretion
or that appellant was prejudiced in any way. 
See Bryant v. State, 367 S.W.2d 684, 685 (Tex. Crim. App.
1963)(asking leading questions is seldom a ground for reversal).  Appellant=s final point of error is overruled.

Conclusion

Having
overruled all of appellant=s points of
error, the judgment of the trial court is affirmed.  

 

____________________      

ROGELIO VALDEZ

Chief Justice

 

Do not publish.

Tex. R. App. P. 47.3

Opinion delivered and filed

this 27th day of June, 2002.

 

 

 

 

 

 

 

 

 

 








 

 

 











[1]In light
of the alleged hearsay from the outcry testimony, we further recognize that the
erroneous admission of outcry testimony is not constitutional error.  See Buckley v. State, 786 S.W.2d 357,
361 (Tex. Crim. App. 1990)(admission of a victim=s outcry
statement does not violate federal or state confrontation clause when the
declarant testifies at trial and is subject to full and meaningful
cross-examination); see also King v. State, 953 S.W.2d 266, 271 (Tex.
Crim. App. 1997)(applying rule 44.2(b) to erroneous admission of pen packets
over hearsay objection).