James Earl BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–82–079–CR.

Court of Appeals of Texas,
Austin.

April 6, 1983.

PHILLIPS, Chief Justice.

Appellant James Earl Brown appeals the trial court's judgment, based upon the jury's verdict, which found appellant guilty of "sexual abuse" [1] and sentenced appellant to three years in the Texas Department of Corrections.

Appellant, by three grounds of error, contends that the trial court erred in admitting the hearsay testimony of the victim's father and of the examining physician, and that the evidence is otherwise insufficient to support the jury's finding of guilt.

We affirm the trial court's judgment.

## I.

Appellant contends that the trial court erred in admitting the hearsay testimony of A.D. Hicks, Sr., the father of the victim of the sexual attack; and in admitting the hearsay testimony of Dr. Alfonso Ramirez, the physician who examined the victim a few hours after the sexual attack. The victim's father testified that his young son complained to him of the sexual attack a few hours after the attack occurred. This witness referred only to the attack by reciting the words his son had used to relay the details of the attack to him—that appellant "had tried to make a woman out of him." The father did not testify as to any other particulars of the attack. The examining physician, called by appellant to testify, stated that he gave the young victim an external physical examination and found that young Hicks "was tender in the anal-sphincter region," and that this was consistent with being the victim of a sexual attack. The doctor also testified that young Hicks complained that he had been sexually attacked by a male.

Appellant complains that these witnesses had no personal knowledge of the attack and that they merely recited to the jury facts which had been told to them by the victim outside of the courtroom. Appellant contends that such testimony was inadmissible as hearsay. The State contends this

O.T. Moore, Jr., Rebecca M. Hawener, Lockhart (Court-appointed), for appellant.

Jeffrey L. Van Horn, Criminal Dist. Atty., Lockhart, for appellee.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

1. Texas Pen.Code Ann. § 21.04(a)(1) (1974).

testimony is admissible pursuant to Tex. Code Cr.P.Ann. art. 38.07 (1979).

(a) *The Father's Testimony.*

Texas Code Cr.P.Ann. art. 38.07 (1979) states:

A conviction under Chapter 21, Penal Code is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred.

We hold that it is implied within this statute that a person to whom the victim of a sexual attack confides in about the sexual attack, may testify as to the victim's complaint when (1) the "outcry" was made within six months of the sexual attack and (2) the State seeks a conviction "on the uncorroborated testimony of the victim of the sexual offense." [2] The witness' testimony is admissible to show that the complaint was made and the basic nature of the complaint. It is not admissible to prove the actual details of the sexual attack or even that the sexual attack actually occurred.[3]

**2.** The prior law, Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722 stated:

In prosecutions for seduction, the female alleged to have been seduced shall be permitted to testify: but no conviction shall be had upon the testimony unless the same is corroborated by other evidence tending to connect the defendant with the offense charged. Accordingly, we find in construing art. 38.07 by the use of Tex.Rev.Civ.Stat.Ann. art. 5429b–2 (Supp.1982), which civil statute is applicable in construing the Code of Criminal Procedure, *Barbee v. State,* 432 S.W.2d 78 (Tex.Cr.App. 1968), *cert. denied,* 395 U.S. 924, 89 S.Ct. 1779, 23 L.Ed.2d 241 (1969), that the "object sought to be obtained" in art. 38.07 is the liberalizing of the onerous evidentiary requirements of proof in sexual attack cases. It seems only reasonable from a plain reading of the statute that the legislature patently intended to allow the witness, to whom the "outcry" is made, to testify as to the victim's complaint of the sexual attack. *See* 1A Ray, Law of Evidence, § 795, pp. 39–43 (3rd. ed. 1980).

**3.** Although we have held that the legislature has liberalized the State's evidentiary burden to

We believe in light of the fact that the State did not seek a conviction on the "uncorroborated testimony of the victim of the sexual offense"—in that the State produced an eye-witness to the offense, aside from the complainant—Tex.Code Cr. P.Ann. art. 38.07 (1979) is inapplicable. Accordingly, the father's testimony was improperly admitted. But, in light of the fact that it was, at best, merely cumulative of the same evidence adduced from other witnesses, no reversible error is shown. *Thomas v. State,* 621 S.W.2d 158, 164 (Tex.Cr. App.1981); *Huff v. State,* 560 S.W.2d 652 (Tex.Cr.App.1978).[4]

(b) *The Physician's Testimony.*

Appellant also contends that the examining physician's testimony concerning young Hicks' statement that he was sexually attacked by a man was inadmissible as hearsay evidence.

It is the general rule that an expert witness, having testified to an opinion, is permitted to give in evidence, either in direct or cross-examination, an account of the basis upon which he founds the opinion .... Accordingly, when a physician has observed and had been consulted by a patient, and testifies as an expert witness

otherwise corroborate the sexual attack, we do not go so far as to make this statute an exception to the hearsay rule.

"It is ... uniformly held that declarations descriptive of external events such as the crime, accident, or other happening which caused the injury to the declarant, are inadmissible as evidence of their truth." 1A Ray, Law of Evidence, § 843, p. 89 (3rd. ed. 1980) (authorities therein).

**4.** The test is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction. *Myre v. State,* 545 S.W.2d 820, 827 (Tex.Cr. App.1977); *Cunningham v. State,* 500 S.W.2d 820, 824 (Tex.Cr.App.1973); *see also, Schneble v. Florida,* 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972); *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Since the father's testimony merely repeated the testimony of the victim and the eye-witness, we hold that the father's testimony can not be considered such evidence which reasonably contributed to appellant's conviction.

with reference to the nature of the ailment, his evidence, in giving the reasons for his opinion, as to statements made to him by the patient upon which his opinion has been partly founded is admissible. Since they are not offered as facts declared, but merely as an explanation of the previous opinion, they are not hearsay and hence are not subject to the restrictions which hedge in the use of such declarations as hearsay .... There seems to be no reason why, under the principle already discussed, statements made by a patient to a physician as to such events causing the injury may not be recounted by the physician, not as evidence of their truth, but in explanation of his expert opinion in evidence as to the cause, nature, or duration of the injury or disease.

1A Ray, Law of Evidence, §§ 835, 843, pp. 70–73, 89–91 (3rd. ed. 1980) (authorities therein).

■■■ In reviewing the physician's testimony, we find that, although it is not admissible in the case at bar under Tex. Code Cr.P.Ann. art. 38.07 (1979), it is admissible to show the basis for the physician's opinion. Although, we find no limiting instructions on its use, any error in the trial court's failure to so instruct is (1) waived by appellant's failure to object and request such an instruction, and (2) harmless, in that the testimony is merely cumulative of that adduced through the testimony of other witnesses.

Accordingly, appellant's first two grounds of error are overruled.

## II.

Appellant contends that the evidence is insufficient to support a finding of guilt. Appellant contends that there is no evidence to show that "any part of his genitals" was in contact with "the mouth or anus" of the victim as required by Tex.Pen. Code Ann. § 21.01(1)(A) (Supp.1982), and therefore, appellant should be acquitted of the charged crime.

"In reviewing the sufficiency of the evidence to support the conviction, we must view the evidence in the light most favorable to the verdict. In doing so, the verdict will be sustained if there is any evidence which, if believed, shows the guilt of the accused." *Banks v. State,* 510 S.W.2d 592, 595 (Tex.Cr.App.1974); *see also Darrington v. State,* 623 S.W.2d 414 (Tex.Cr.App.1981); *Rohlfing v. State,* 612 S.W.2d 598 (Tex.Cr. App.1981).

In reviewing the evidence in the light most favorable to the verdict, we find that young Hicks testified that he was asleep in a bedroom of his grandmother's home in Lockhart, Texas, when he was attacked by appellant, pinned lying on his stomach on the bed, and stripped of his shorts. Appellant, during the attack which lasted approximately three minutes, twice tried to penetrate the victim's rectum. Young Hicks' screaming and struggling attracted Lee Roland, a family friend in another room of the house, who graphically described that he rushed into the bedroom and saw appellant having anal intercourse with the complainant. Dr. Ramirez, called by appellant, testified that his examination of young Hicks, only hours after the sexual attack, revealed that young Hicks was "tender in his anal-sphincter region."

■■■ We hold such evidence to be clearly sufficient to sustain a finding of guilt; accordingly, all grounds of error having been overruled, we affirm the judgment of the trial court.

Affirmed.