IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 





NO. 3-92-474-CR





WILLIE MICHAEL SWIFT


a/k/a WILLIE PAUL SWIFT,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 41,195, HONORABLE RICK MORRIS, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault. Tex. Penal Code Ann.
§ 22.021 (West 1989). The district court assessed punishment, enhanced by two previous felony
convictions, at imprisonment for life.

 The complaining witness was living temporarily with appellant's family. On the
afternoon in question, the complainant and appellant were alone in the apartment when appellant
seized the complainant, began to beat her, and demanded that she submit to sexual intercourse
with him. During this assault, appellant penetrated the complaining witness with his penis or his
finger. Appellant ceased his attack when his sister, Tina Swift, and a neighbor, Angela
Whiteside, arrived and began knocking on the apartment door. The complainant ran to the door
and opened it. Whiteside took the complainant to her apartment and called the apartment security
guard.

 Appellant's two points of error complain of the admission of certain testimony by
the security guard, Steven Richardson. After Richardson described the complaining witness's
physical condition, he was questioned by the prosecutor as follows:



Q. What did [the complainant] tell you about the sexual assault?


 [Defense counsel]: Objection to that. Calls for hearsay response, your
Honor. It would be bolstering.


 [Prosecutor]: We offer it on the exception, the outcry exception to the Rule,
your Honor.


 THE COURT: Okay. Overruled.


Q. (By Mr. Glass.) What did she say with regard to the sexual assault, what
happened?


A. Well, she went on to tell me what he done, that he had -- First she told me that
his sister left the apartment, you know. That left nobody in the apartment but
her and Paul.


Q. All right.


A. And that he ripped her panties off. And I'm trying to -- Because this has been
so long ago. Then he pulled her from out of the bathroom back into the
bedroom, and that that's where he ripped the skirt and threw her to the bed,
and that's when he had her around the neck she was telling me.


Q. Did she tell you about how he sexually assaulted her specifically?


A. Yes. She said he put his fingers into her vagina and then he took his penis and
put it in her hand and told her to insert it.


Q. All right. Did she also speak about how, how violent he got with her?


A. Well, yes, I [sic] said the whole time he was doing it he had already hit her
a couple of times and he was choking her during the whole thing.



Appellant contends that this testimony was inadmissible hearsay and improper bolstering of the
complaining witness.

 The Code of Criminal Procedure contains two statutes dealing with what is
generally referred to as "outcry" by the victim of a sexual assault or similar offense. One of these
statutes, article 38.072, creates an exception to the hearsay rule for statements describing the
offense made by victims twelve years old or younger. Tex. Code Crim. Proc. Ann. art. 38.072
(West Supp. 1993). Article 38.072 does not apply to this cause.

 The other outcry statute is article 38.07, which provides that "[a] conviction under
. . . Section 22.021, Penal Code, is supportable on the uncorroborated testimony of the victim of
the sexual offense if the victim informed any person, other than the defendant, of the alleged
offense within six months after the date on which the offense is alleged to have occurred." Tex.
Code Crim. Proc. Ann. art. 38.07 (West Supp. 1993). Under article 38.07, a person to whom
the victim of a sexual assault confides about the attack may testify to the victim's outcry if the
outcry is made within six months of the assault and the testimony of the victim is not
corroborated. Brown v. State, 649 S.W.2d 160 (Tex. App.--Austin 1983, no pet.). The outcry
witness's testimony is admissible to show that the complaint was made and the basic nature of the
complaint, but is not admissible to prove the actual details of the sexual assault or even that the
assault actually occurred. Id. In other words, article 38.07, unlike article 38.072, does not create
an exception to the hearsay rule for outcry testimony.

 The prosecutor's question to Richardson, "What did [the complainant] tell you
about the sexual assault?" did not necessarily call for a hearsay response. Under article 38.07,
Richardson could properly testify to the fact of the complainant's outcry to him. Thus, the trial
court did not err by overruling appellant's hearsay and bolstering objections when they were
made. Appellant did not voice any further objection and thus failed to preserve his contentions
concerning Richardson's subsequent testimony. Tex. R. Crim. Evid. 103(a); Tex. R. App. P.
52(a).

 Even if appellant's hearsay objection was sufficient to preserve his contention for
review, no error is presented. The district court could reasonably find that the complainant's
statements to Richardson related to a startling event and were made while she was under the stress
of excitement caused by the event, and were therefore admissible under the excited utterance
exception to the hearsay rule. Tex. R. Crim. Evid. 803(2); see State v. Williams, 814 S.W.2d
256, 260 (Tex. App.--Austin 1991), aff'd, 832 S.W.2d 52 (Tex. Crim. App. 1992) (appellate court
may affirm trial court's ruling on any theory supported by the record). The first point of error
is overruled.

 Similarly, if appellant's bolstering objection was sufficient to preserve his complaint
concerning Richardson's testimony, no reversible error is presented. Appellant admitted striking
the complainant during the course of an argument, but testified that he did not sexually assault
her. Appellant's sister, Tina Swift, testified that the complainant told her at the hospital that
appellant "didn't stick it in." The complainant's prior consistent statements to Richardson were
thereby rendered admissible to rebut the implicit charge that the complainant had fabricated her
testimony concerning the sexual assault and penetration. Tex. R. App. P. 801(e)(1)(B). The
second point of error is overruled.

 The judgment of conviction is affirmed.

 

[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: February 17, 1993

[Do Not Publish]