IN THE COURT OF CRIMINAL APPEALS

                                   OF TEXAS

 

                                                                              

                                                               NO.
PD-1654-04



 

 

                                     CHARLES EUGENE MARTINEZ, Appellant

 

                                                                             v.

 

                                                        THE
STATE OF TEXAS

 



                   ON APPELLANT=S PETITION FOR DISCRETIONARY REVIEW

                                      FROM
THE TENTH COURT OF APPEALS

                                                          BRAZORIA COUNTY



 

Cochran, J.,
delivered the opinion of the unanimous Court.

 

                                                                  O
P I N I O N 

 








Appellant was convicted of indecency
with a child and sentenced to ten years= imprisonment and a fine of
$15,000.  On appeal, he argued that the
trial court erroneously admitted the hearsay testimony by the complainant=s mother as a victim outcry
statement.  The court of appeals affirmed
appellant=s conviction,[1]
and we granted review to determine if the testimony was properly admitted under
Article 38.07 of the Texas Code of Criminal Procedure.[2]  Because the hearsay statements made by
complainant=s mother were erroneously admitted,
we reverse the judgment of the court of appeals and remand the case for that
court to decide whether the admission of that hearsay was harmful error.

I.













Appellant was charged with three
counts of indecency with Ashley, a child younger than seventeen years of age.[3]  At trial, the State=s evidence showed that appellant ran
Mustang Christian Ranch, a work ranch for troubled teens.  The State presented two witnesses to prove
these indecency charges:  Ashley=s mother and Ashley herself.  According to the testimony of her mother,
Ashley, who was thirteen years old, was sent to the Mustang Christian Ranch for
a two-day period in January of 2001. 
Ashley=s mother testified that after Ashley
came home from the ranch, she was Abelligerent@ and Aangry.@ 
The prosecutor then asked Ashley=s mother to repeat what Ashley had
told her about appellant=s actions.  Appellant
promptly objected to the questioning of Ashley=s mother regarding these hearsay
statements.  While the trial judge
allowed the prosecution to continue its line of questioning, he remarked that
he would not allow the admission of hearsay statements.  However, as the prosecutor continued to
question Ashley=s mother regarding Ashley=s statementsBand appellant continued to object to
the admission of hearsay evidenceBthe court began to overrule appellant=s objections and to allow Ashley=s mother to relate the out-of-court
statements made by Ashley.[4]  Finally, the court instructed the jury that
while hearsay testimony was generally inadmissible, it was admissible if the
statement was the initial outcry of a victim of sexual molestation.[5]  The trial court then allowed Ashley=s mother to testify regarding the
content of Ashley=s outcry statement to her. 
Appellant again objected, stating, AI do not believe it=s permitted under the rules, under
the facts of this case, just for the record.@ 
The trial court again overruled appellant=s objection, and asked the witness to
repeat what Ashley told her verbatim. 
Ashley=s mother did so:

She had said that he had come in while she was
sleeping.  I believe that was Saturday
night.  And had started running his hand
up her blouse.  She said she started
coughing to try to wake somebody or try to get him to move.  And that he finally did later on get up and
go out of the room.  When I asked her if
she knew it was him, she told me that there was a mirror that was standing
there, and as he got up, she saw his reflection off of it. . . . She said the
next day Mr. Martinez sent people out B the
boys out to go to work.  He said he
wanted to talk to her about her behavior. . . . She told me that at that point
she was asked to sit on the bed.  Mr.
Martinez sat on the bed with her, and asked her something to the effect of,
would you let a boy do this, and he put his hand underneath her blouse. . . .
And then she said that he got on top of her, or forced her to get on top of
him.  And she said that the whole time
she was wanting to get up, but she couldn=t.  He was holding her down and rubbing up
against her.

 








Ashley took the stand immediately
after her mother.  Her in-court rendition
of the events was very similar to the version that Ashley had told her
mother.  On direct examination, Ashley
testified that during the first night of her stay, she awoke to find her Ahand was rubbing on [appellant=s] leg,@ and later that night she Afelt him rubbing inside [her] shirt.@ 
She said that, during the following afternoon, appellant again Aput his fingers between the buttons@ of her shirt, and asked her if she Awould let a guy do that to [her].@ 
Appellant then forced Ashley to lie on the bed, and he Agot on top@ of her and began Arubbing his genitalia against [her]
genitalia.@ 
She stated that appellant then left the room to answer the telephone,
but returned and Agrabbed [her] and put [her] on top of him.@ 
Ashley stated that appellant continued to hold her on top of him and Amove up and down@ until he heard his wife walk in the
door.








Based upon this evidence, the jury
convicted appellant and sentenced him to ten years= imprisonment.  Appellant argued on appeal that the trial
court=s admission of Ashley=s hearsay statements made to her
mother was improper under Article 38.072 of the Texas Code of Criminal
Procedure[6]
because at the time of the events Ashley was thirteen years old, and Article
38.072 applies only to children twelve years of age or younger.[7]  The court of appeals held that, while
appellant was correct that the statements were inadmissible under Article
38.072, they were admissible under Article 38.07.[8]  Concluding that the trial court came to the
right conclusion for the wrong reason, the court of appeals affirmed the trial
court=s judgment.[9]

In a dissent, Justice Vance stated
that these hearsay statements were not admissible under either Article 38.072
or Article 38.07.[10]  He argued that Article 38.07 allows otherwise
inadmissible hearsay testimony only when corroboration is required.  Because Ashley was  thirteen at the time of the offense,
corroboration was not required, and therefore her mother=s hearsay statements were
inadmissible.  In a footnote, the dissent
also pointed out that:

Even if corroboration were required
[under Article 38.07], only the fact of the crime, and not its details, may be
admitted under this exception.  When
properly admitted, the statement is not hearsay at all, since it is admitted
not for the truth of the matter asserted, but only for the fact of its utterance.  See Brown v. State, 649 S.W.2d 160,
162 (Tex. App.BAustin 1983, no pet.).[11]








Because of the confusion concerning
the appropriate scope and application of Articles 38.072 and 38.07, we granted
review. 

II.

Article 38.072 is a rule of
admissibility of hearsay evidence. 
Article 38.07 is a rule 
concerning sufficiency of the evidence.[12]  These statutes serve related but entirely
distinct purposes.  They are not
interchangeable.  Indeed, never the twain
shall meet.  

A. Article 38.072: Hearsay Statement of a Child
Abuse Victim.








Hearsay statements, while generally
inadmissible, may be admitted under specific conditions when public policy
supports their use, and the circumstances surrounding the making of those
statements pedigree their reliability.[13]  The enactment of Article 38.072 is a
legislative determination that one such specific situation is the outcry
statement of a child victim of sexual or physical abuse.[14]  Because it is often traumatic for children to
testify in a courtroom setting, especially about sexual offenses committed
against them, the Legislature enacted Article 38.072 to admit the testimony of
the first adult a child confides in regarding the abuse.[15]  This witness may recite the child=s out-of-court statements concerning
the offense, and that testimony is substantive evidence of the crime.[16]








However, the use of such out-of-court
statements is carefully limited.  Only
those statements made to a person eighteen years of age or older qualify, and
then only if the child was twelve or younger when the abuse occurred.[17]  The State must provide adequate pretrial
notice to the defendant of its intent to introduce the child outcry statement,
and it must provide the name of the outcry witness and a summary of the hearsay
statement.[18]   Furthermore, the trial court must first
determine, outside the presence of the jury, that the statement is reliable Abased on the time, content, and
circumstances of the statement.@[19] 
And the child must testify at trial or be available to testify.[20]  

Thus, Article 38.072 is a rule of
evidence admissibility, allowing trial courts to admit some hearsay statements
in the prosecution of certain offenses against children when those statements
are made under the specified conditions. 
This statute serves the societal interests  of promoting the fair prosecution of child
abuse cases and of protecting children in court by allowing the admission of
their casual Astreet corner@ confidences to an adult as a
supplement to (or sometimes even a substitute for)[21]
what may be halting, incoherent, or traumatic in-court testimony.

B. Article 38.07: Testimony in
Corroboration of Victim of Sexual Offenses.








Article 38.07 differs from Article
38.072 in several essential respects. 
While Article 38.072 assists the prosecution by making certain hearsay
outcry statements admissible,  Article
38.07 protects the accused by creating a statutory corroboration requirement.[22]  Its purpose is almost exactly opposite to
that of Article 38.072:  this is a
defendant-protecting statute, rather than a child-victim-protecting
statute.  It limits the circumstances in
which the State may obtain a conviction for sexual offenses based on the
testimony of a competent adult[23]
to situations in which:  (1) the victim
made an outcry within one year of the criminal act; or (2) there is other
evidence that corroborates the victim=s testimony.

This statute may well be the
vestigial tail of an outmoded era, but it had its genesis in early opinions
from this Court.  As long ago as 1896,
this Court stated that, in rape cases,

All of the authorities teach that, where a case of
this character rests solely upon the testimony of the prosecutrix, it is the
duty of the jury to scrutinize and weigh her testimony very carefully; and in
every case it is considered important as corroborative of her evidence that,
soon after the alleged rape, she made complaint of the outrage.[24]

 








By 1936, this judicial and societal
scepticismBperhaps based on the old adage that AHell hath no fury like a woman
scorned@Bhad evolved into a real Arule@:

a conviction for rape by force will not be sustained
on the uncorroborated testimony of a woman who waits too long before announcing
her decision that she has been raped, unless the delay is supported by . . .
cogent reasons[.][25]

 

This rule apparently evolved as a
reflection of Ajudicial concern that the victim had
actually consented and thus was in some sense an accomplice or akin to one.@[26]

In 1975, the Texas Legislature set
out to abolish the judicially created corroboration requirement, but instead
ended up enshrining it in Article 38.07.[27]  Nonetheless, the general legislative purpose,
both in 1975 and in later amendments, was to make conviction in rape cases
easier to obtain by reducing the impact of the traditional, judicially created
corroboration requirement.[28]













Thus, Article 38.07 requires the
State to offer some[29]
corroborative evidence, such as eyewitness testimony, a defendant=s admissions, medical testimony, or
other circumstantial proof, if the competent adult complainant in a sexual
assault prosecution has not informed any adult, other than the defendant, of
the alleged offense within a year of its commission.[30]
Of course, if the victim=s statements to that witness are otherwise admissible under
the hearsay rule, then the witness may recount the victim=s outcry.  But Article 38.07 is not itself an exception
to the hearsay rule.

In
sum, Article 38.07 deals with the sufficiency of evidence required to
sustain a conviction for sexual assault but does not act as a hearsay
exception, while Article 38.072 deals with the admissibility of evidence
that would otherwise be barred by the hearsay rule.      III.

In the present case, the trial court
found that the testimony of Ashley=s mother reciting Ashley=s outcry statement was admissible
under Article 38.072.[31]  There is no dispute that Ashley was thirteen
years old when the offense occurred and that Article 38.072 applies only if the
victim is twelve years of age or younger at the time of the offense.  Thus, the court of appeals was correct in
finding that the statement was inadmissible under Article 38.072.[32]








However, the court of appeals then
stated that Ashley=s mother=s testimony Awas admissible under the general outcry statute, Code of
Criminal Procedure Article 38.07, and the trial court strictly limited the
testimony to its proper scope.@[33] 
This conclusion is mistaken. 
First, because Ashley fits into one of the Article 38.07(b) exceptionsBshe was under seventeen at the time
of the offenseBthe State was not required to prove
that Ashley made any outcry statement. 
Therefore, Ashley=s mother=s statement was neither necessary nor admissible under
Article 38.07.  However, as the dissent
noted,[34] even if Article 38.07
did apply, this testimony went well beyond establishing that Ashley had in fact
made an outcry statement to her mother regarding appellant=s criminal acts.  Ashley=s mother recounted exactly what
Ashley said to her. 








The State argues that even if the
testimony were inadmissible under Article 38.07, Ashley=s statement to her mother fits within
the excited utterance hearsay exception.[35]  Of course, evidence that is otherwise
admissible under a hearsay exception or exemption is not barred by Article
38.07, but the record fails to support the State=s position.  Ashley=s mother testified that Ashley cried
the evening she returned from appellant=s ranch, and that the following day
she was angry.  However, this alone is
not sufficient to prove that Ashley Awas still dominated by the emotions,
excitement, fear or pain of the event@ when she told her mother about the
alleged acts.[36]  She had not been near appellant for over two
days,[37] and there is no
evidence in the record that she was Ain the instant grip of violent
emotion, excitement or pain@ immediately before or during her recount of the events.[38] 
Without further evidence that Ashley had no time or opportunity to calm
herself and reflect upon the two-day-old events, we cannot conclude that her
statements to her mother fit the excited utterance exception to the hearsay rule.








The State also argues that even if
the statements should not have been admitted under Article 38.07, the appellant
did not make the appropriate objection, and therefore waived his right to
complain on appeal.  However, the record
reflects that appellant made numerous objections to the introduction of the
outcry evidence.[39]  While it is true that appellant never stated
the actual rule the judge was apparently using to allow the statements into
evidence,[40] his objections were
certainly sufficient.[41]  Appellant objected to the testimony as
hearsay; it was hearsay, and thus his objection was both proper and sufficient.[42]  If the testimony fit some exception or
exemption to the hearsay rule (or if the evidence was not being offered for the
truth of the matter asserted) the State, as the proponent of the evidence, had
the burden of demonstrating the applicability of that exemption or exception.[43]

Finally, the State argues that even
if the testimony was improperly admitted, it was harmless error.  Because the court of appeals found that the
admission of the testimony was not error, it did not conduct a harm analysis.  Despite the fact that both the appellant and
the State discuss the issue of harm at length, that issue is not before
us.  We will therefore defer to the court
of appeals to determine whether the admission of the outcry statement was
harmless error.








In sum, the trial judge erred in
admitting Ashley=s outcry statement to her mother under either Article 38.072
or Article 38.07.  Her statement was not
an excited utterance, and no other grounds for admitting it were offered.  Therefore, we reverse the judgment of the
court of appeals, and remand the case to that court to conduct a harm analysis.

 

Delivered: November 2, 2005

Publish

 











            [1]
Martinez v. State, 10-03-00052-CR, 2004 Tex. App. LEXIS 8359 (Tex. App.BWaco 2004) (not designated for
publication).





            [2]
Specifically, this Court granted review to resolve the following issues:

1) Whether the court of appeals
erred in holding that there is no error when an outcry statement admitted
pursuant to Tex. Code Crim. Proc. Ann.
art. 38.07 (Vernon Supp. 2004), is admitted for the truth of the matter
asserted in the statement; and

2) Whether Aoutcry@ testimony is admissible pursuant to Tex. Code Crim. Proc. Ann. art. 38.07
(Vernon Supp. 2004), when the State is not relying on the uncorroborated
testimony of a person whose testimony is subject to Article 38.07.           





            [3]
Appellant was also charged with indecency with a child and injury to a child
involving a second complainant.  A
majority of the evidence in the State=s
case related to the charges involving the second child, but the jury acquitted
appellant of those charges; thus, we need not detail any of that evidence.





            [4]
The trial court stated: 

Let me make sure the jury does understand
this.  You have commonsense.  I have mentioned that, folks.  You can=t
draw any implications from anything.  You
can listen to what the witness said.  If
there=s a
conversation that=s
related, you can consider that if I allow it. 
But you can=t presume
something was said if you haven=t
heard what was said unless there=s
credible evidence before you indicating that. 
The reason I=m telling
you this is the fact that this witness contacted her father, you can=t presume Ashley said anything
specifically to this witness and make that presumption just because she contacted
her father.  If counsel wants to ask this
witness what Ashley told her, and I let that come in, then you can consider
that and give it whatever weight, if any, you choose.  But don=t
get caught up in trying to evaluate innuendos and implications.





            [5]
Specifically, the trial court told the jury,

Let
me solve this problem.  So the jury will
understand this, ladies and gentlemen, and again, I=m
trying to give you these instructions so you will understand that your job is
to judge the credibility of the evidence. 
Under the law what a person says as related by another person is never
admissible as a general rule because it=s
hearsay because the other person is not present to be cross-examined to
determine what their source of information was. 
So you can=t have
one witness tell what another witness said. 
But in a molestation allegation, the law provides that the alleged
victim, that the first person that alleged victim makes a statement to,
qualifies as to what is called an Aoutcry.@ 
And the witness is allowed to relate what she was told by the purported
victim.  But they can=t draw opinions or conclusions as to
what that victim meant.  They can only
tell us what was said.  So, Counsel, you
can ask this witness what was said.  But,
ma=am, you can=t
give us opinions as to whether she was molested or whether she wasn=t or what happened.  You can tell exactly what Ashley told
you.  Then this jury can judge the
credibility of that.  But you can=t give your opinions on what she told
you because that=s
improper.

 





            [6]
Section 2(a) of this provision states:

This
article applies only to statements that describe the alleged offense that:        (1) were made by the child against whom
the offense was allegedly committed; and(2) were made to the first person, 18
years of age or older, other than the defendant, to whom the child made a
statement about the offense.

Under Subsection (b), A[a] statement that meets the
requirements of Subsection (a) of this article is not inadmissible because of
the hearsay rule if@ certain
notice and procedural requirements are fulfilled and the child testifies or is
available to testify at the proceeding.





            [7] Id., art. 38.072, '1 (AThis
article applies to a proceeding in the prosecution of an offense under any of
the following provisions of the Penal Code, if committed against a child 12
years of age or younger:  (1) Chapter 21
(Sexual Offenses) or 22 (Assaultive Offenses) . . .@).  Appellant also argued that the trial court
improperly commented on the weight of the evidence.  However, this issue is not before the court,
and therefore not discussed.





            [8] Tex. Code Crim. Proc. art 38.07 is titled ATestimony
in Corroboration of Victim of Sexual Offense,@
and it reads:   (a) A conviction under
Chapter 21, Section 22.011, or Section 22.021, Penal Code, is supportable on
the uncorroborated testimony of the victim of the sexual offense if the victim
informed any person, other than the defendant, of the alleged offense within
one year after the date on which the offense is alleged to have occurred.(b)
The requirement that the victim inform another person of an alleged offense
does not apply if at the time of the alleged offense the victim was a person:           (1) 17 years of age or younger;(2) 65
years of age or older; or(3) 18 years of age or older who by reason of age or
physical or mental disease, defect, or injury was substantially unable to
satisfy the person=s need
for food, shelter, medical care, or protection from harm.





            [9]
Martinez, 2004 Tex. App. LEXIS 8359, at *2-3.





            [10]
Id. at *4-5 (Vance, J., dissenting).





            [11]
Id. at *5 n.2.





            [12]
See Carmell v. Texas, 529 U.S. 513, 518 n.2 (2000) (noting that ATexas
courts treat Article 38.07 as a sufficiency of the evidence rule, rather than
as a rule concerning the competency or admissibility of evidence@).





            [13] See House Committee on Criminal Jurisprudence, Bill Analysis, Tex. H.B. 579, 69th Leg., R.S.
(1985) (noting that A[g]enerally, out-of-court statements offered at
trial as proof of the matter asserted are inadmissible hearsay.  Various exceptions to the hearsay rule exist
when circumstances make the out-of-court statements reliable.@).  House Bill
579 was enacted as Tex. Code Crim. Proc.
art. 38.072.





            [14]
See Garcia v. State, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990) (noting that
by enacting the Achild
outcry@ hearsay
exception in article 38.072, the Legislature Awas
obviously striking a balance between the general prohibition against hearsay
and the specific societal desire to curb the sexual abuse of children@); see also Rodriguez v. State,
819 S.W.2d 871, 873 (Tex. Crim. App. 1991). 
In Rodriguez, this Court referred to HB 579 and its legislative
history and stated,

Under Art. 38.072, by both the terms of the statute and by
the legislative history, outcry testimony admitted in compliance with Art.
38.072 is admitted as an exception to the hearsay rule, meaning it is
considered substantive evidence, admissible for the truth of the matter
asserted in the testimony.  See
generally HB 579 bill analysis, including ABackground
Information@ and APurpose@
for Acts 1985, 69th Legislature; HB 579, Second Reading, May 9, 1985; HB 579,
Third Reading, May 13, 1985.





            [15]
See Floor Notes on Hearing by Criminal Jurisprudence Committee on House
Bill 579 (69th Legislature, May 9, 1985). The bill analysis notes that
supporters of the bill argued:

It is often difficult for young children to repeat, in
courtroom settings in front of total strangers, what they have previously told
someone about an offense committed against them, especially in cases where they
have been sexually abused.  Because they
usually make poor witnesses, their assailants are often freed.  Under current law, the people whom these
children trust and in whom they have confided in are barred from repeating what
they have been told because it is considered hearsay.  This bill would protect these young children
from the trauma of having to describe and relive the offenses in trial
testimony.





            [16]
See Rodriguez, 819 S.W.2d at 873.





            [17] Tex. Code Crim. Proc. art. 38.072, ''
1 & 2(a).





            [18]
Id., ' 2(b)(1).





            [19]
Id., ' 2(b)(2).





            [20]
Id., ' 2(b)(3).






            [21]
The Confrontation Clause may act as a brake upon the admission of Atestimonial@
child outcry statements unless the child actually testifies or is presently
unavailable but has been subject to cross-examination in a prior
proceeding.  See generally Crawford v.
Washington, 541 U.S. 36 (2004).





            [22] Tex. Code Crim. Proc. art. 38.07.





            [23]
The statute specifically exempts any need to corroborate the testimony of (1) a
child seventeen or under, (2) a person sixty-five or older, and (3) an adult Awho by reason of age or physical or
mental disease, defect, or injury was substantially unable to satisfy the
person=s need
for food, shelter, medical care, or protection from harm.@ 
Tex. Code Crim. Proc. art.
38.07(b).





            [24]
Price v. State, 36 Tex. Crim. 143, 145, 35 S.W. 988, 988 (1896); see
also Pefferling v. State, 40 Tex. 486 (1874).  In Pefferling, the Texas Supreme Court
stated that, in rape prosecutions,

the proof of the offense depends very
frequently upon the testimony of the party charged to have been outraged, and
in most cases, to a very great extent, upon the truth and credibility of her
evidence, and unquestionably every reasonable test should be applied to her
integrity, for the safety of the accused. 
Hence, the failure to make outcry, or call for aid when it might have
been readily obtained, or within reasonable time to discover the offense after
an opportunity to do so, are circumstances tending to discredit her
testimony.  But if the absence of these circumstances
tend to raise the presumption that her testimony is false or feigned, proof of
them repels the suspicion which their absence raises.  It has, therefore, been universally held that
recent complaint by the person injured, her state and appearance, marks of
violence, and the condition of her dress, shortly after the alleged occurrence,
may be proved as original evidence . . .

Id. at 492.





            [25]
Gray v. State, 130 Tex. Crim. 289, 293, 93 S.W.2d 1146, 1148 (1936).





            [26]
43 George E. Dix & Robert O. Dawson,
Texas Practice: Criminal Practice and Procedure '31.351
at 226 (2d ed. 2001) (collecting cases). 
But as Professors Dix and Dawson note,

The Texas case law
does not, however, reflect careful and critical consideration of whether this
[later, in-court testimony by a rape victim] is in fact so extraordinarily
unreliable or of whether juries are so extraordinarily unable or disinclined to
recognize this unreliability as to warrant the safeguards provided by the
corroboration rule.

Id. at 227.





            [27]
See id. (noting that the proposal to abolish the corroboration
requirement Awas met
with concern that such action would eviscerate the rights of those accused of
sexual offenses@).





            [28]
Id.





            [29]
In Nemecek v. State, 621 S.W.2d 404, 406-07 (Tex. Crim. App. 1980)
(panel op.), we adopted the same sufficiency standard to corroboration of rape
victim testimonyBevidence
that tends to connect the defendant with the offenseBthat
was already applied to the corroboration of accomplice-witness testimony.  See Tex.
Code Crim. Proc. art. 38.14. 
Professors Dix and Dawson, however, suggest that this standard is poorly
tailored to the original judicial concern of corroborating the rape victim on
the issue of consent.  See Dix & Dawson, supra, ' 31.353 at 232.





            [30]
Unfortunately, Article 38.07 provides no explicit guidance as to what evidence
should be admitted to prove that the victim made an outcry.  As a result, there has been some inconsistency
among the courts of appeals regarding exactly what testimony is
admissible.  Still, most courts agree
that Article 38.07 may be used only to prove that an outcry was made.  In fact, in Rodriguez v. State, 819
S.W.2d 873, we stated as much while describing how outcry evidence should be
used under Article 38.072:  Athe court of appeals treated the outcry
testimony as proof only that [the] outcry had been made and not as evidence of
the truth of the testimony, as though it was admitted pursuant to Article
38.07.@  However, some courts allow admission of a
verbatim recital of the victim=s
entire outcry statement, followed by a limiting instruction, if so
requested.  See Heckathorne v. State,
697 S.W.2d 8 (Tex. App.BHouston
[14th Dist.] 1985, pet. ref=d).  The Heckathorne court stated

an outcry should not be admitted for
its truth, but merely as evidence that the victim informed someone of the
offense.  The jury was entitled to hear
the complainant=s
statements alleging an offense, because these statements formed the basis upon
which the charge was initiated.  Had
appellant requested a limiting instruction to the jury to consider this
testimony only for the narrow purpose that a statement was made and not for the
statement=s truth,
the trial judge would have been obliged to grant it.

Id., at 12; see also Grogan v. State,
713 S.W.2d 705, 709-10 (Tex. App.BDallas
1986, no pet.).  Other courts of appeals
have been more circumspect concerning the nature and extent of the testimony
admissible under the statute.  See
Brown v. State, 649 S.W.2d 160, 162 (Tex. App.B
Austin 1983, no pet.) (AThe witness= testimony is admissible to show that the complaint
was made and the basic nature of the complaint. 
It is not admissible to prove the actual details of the sexual attack or
even that the sexual attack actually occurred@).

Further, some courts of appeals
have held that, even when evidence of outcry is not required by Article 38.07,
an outcry statement is admissible under the statute as otherwise relevant
evidence.  See Heckathorne,
697 S.W.2d at 13 (finding that although outcry evidence was not a Aprerequisite to the prosecution@ because victim was a child as defined
by Article 38.07, evidence of outcry was still admissible under the
statute).  Other courts have held that
such evidence is inadmissible under the statute.  See Brown, 649 S.W.2d at 162 (AWe believe in light of the fact that
the State did not seek a conviction on the >uncorroborated
testimony of the victim of the sexual offense=
. . . [Article 38.07] is inapplicable. 
Accordingly, the [witness=s]
testimony was improperly admitted.@).

If the
Legislature did intend Article 38.07 to allow the admission of detailed outcry
statements, the statute would have a much more far-reaching effect than Article
38.072, because it would allow any outcry statement to come into
evidence when the Article 38.07 criteria are met.  Such a rule would be inconsistent with the
evident purpose and history of Article 38.07.





            [31] While neither the trial judge
nor the attorneys explicitly mentioned Article 38.072 during the trial, and it
is unclear from the trial record whether the judge was referring to Article
38.072 or 38.07, both parties, as well as the court of appeals, concluded that
the trial judge was referring to Article 38.072 to support his ruling admitting
Ashley=s mother=s recital of her daughter=s outcry.  We therefore accept this conclusion.





            [32] Martinez, 2004 Tex. App.
Lexis 8359 at *2.





            [33] Id. at *3.





            [34] Id. at *5 n.2.





            [35] Tex. R. Evid. 803(2).





            [36] See Zuliani v. State, 97
S.W.3d 589, 596 (Tex. Crim. App. 2003).





            [37] While the State argues in its
brief that Ashley=s Astatement to her mother was
approximately one day after she returned home from the Appellant=s ranch,@
the trial record reflects that she did not make any outcry statement until the
Wednesday morning following her return from the ranch on Sunday evening.  Although the time lapse between the event and
the statement is not dispositive of whether the statement fits within the
excited utterance exception,  it is a
piece of evidence which may be considered.  Zuliani, 97 S.W.3d at 595-96.





            [38] Zuliani, 97 S.W.3d at
595. The record does indicate that Ashley was Avery
upset,@ but
nothing more was stated regarding her state of mind when she told her mother
about the incidents.





            [39] By our count, appellant
objected to Ashley=s mother=s testimony regarding the outcry statement
five times before the trial court finally gave him a running objection to the
testimony.





            [40] Again, we note that it is not
completely clear to us what rule the judge was using to admit the
statements.  It could have been either
article 38.07 or 38.072.  However, none
of the parties involved made any direct reference to any statutory provision on
the record.  Obviously the opponent of
evidence cannot object on the basis that certain evidence is not admissible
under a specific rule if the offering party and the trial court never state
that the evidence is being admitted under a specific rule.





            [41] See Tex. R. App. P. 33.1(a).  An objection is sufficient if it was timely
made and Astated
the grounds for the ruling that the complaining party sought from the trial
court with sufficient specificity to make the trial court aware of the
complaint, unless the specific grounds were apparent from the context.@





            [42] See Lankston v. State,
827 S.W.2d 907, 910 (Tex. Crim. App. 1992) (AIdentifying challenged evidence as hearsay or as calling for hearsay should be regarded by courts at all
levels as a sufficiently specific objection, except under the most unusual
circumstances.@)
(citations omitted).





            [43] Volkswagen of Am., Inc. v.
Ramirez, 159 S.W.3d 897, 908 n.5 (Tex. 2004) (AThe
proponent of hearsay has the burden of showing that the testimony fits within
an exception to the general rule prohibiting the admission of hearsay evidence.@).